508 So.2d 1047 (1987)
Francis M. VINING
v.
MISSISSIPPI STATE BAR ASSOCIATION.
Conf. Misc. No. 195.
Supreme Court of Mississippi.
April 29, 1987.
Rehearing Denied July 15, 1987.
Vernon H. Broom, Columbia, C.A. Henley, Jr., Jackson, for appellant.
Connie S. Jelliffe, Michael B. Martz, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This is an appeal from a decision of the Mississippi State Bar Complaint Tribunal suspending Francis M. Vining from the practice for 120 days. On June 4, 1985, the Mississippi State Bar Complaints Committee filed a formal complaint against Vining alleging several incidents of professional misconduct. Vining filed a waiver of process or entry of appearance, but filed no answer and asserted no defense. The Bar sought and received a default judgment against him on July 17, 1985. This default judgment was entered on August 21, 1985. On December 6, 1985, the Complaint Tribunal suspended Vining from the practice of law for 120 days and he has perfected this appeal, assigning the following as error:
I. The Complaint Tribunal erred in allowing a Default Judgment based on a Complaint that fails to state a cause of action; and
II. The Tribunal's Opinion and Final Judgment are overly punitive and the suspension from the practice of law is far too severe when considered in light of the alleged misconduct.

I.

WAS IT ERROR TO ALLOW THE DEFAULT JUDGMENT?
Vining is charged with, among other things, the violation of Disciplinary Rule 6-101 of Code of Professional Responsibility.
DR6-101 reads as follows:
(A) A lawyer shall not:
* * * * * *
(3) neglect a legal matter entrusted to him.
There are other charges but this is the gravamen of the more serious of the complaints against Vining.
The undisputed evidence presented to the Complaint Tribunal was that Vining accepted employment and then neglected the case though he regularly told his client that he was handling the matter. As a result nothing was done in the case and the statute of limitations ran.
*1048 Vining argues that the Complaint Tribunal would have dismissed his claim because, among other things, his actions caused no harm to his client and he had told his client that the case was not a good one and to seek other counsel in the beginning. We will never know the truth of this assertion as Vining also neglected to defend himself before the Tribunal.
Disciplinary proceedings by the State Bar are regulated by the Rules of Discipline from the Mississippi State Bar. However, Rule 81 of the Miss.R.Civ.P., recognizes where there is a conflict between the Rules of Civil Procedure and any other rules that govern proceedings of this nature, the Rule of Civil Procedure will not govern and the special rules shall be applicable. See Miss.R.Civ.P. 81. There are no specific procedures concerning entry of default judgment in disciplinary actions by the State Bar Committee and therefore we hold that the Rules of Civil Procedure apply.
Rule 12(h)(2) of the Miss.R.Civ.P. provides that any motion seeking to dismiss an action for failure to state a cause of action must be presented before the close of the trial. Vining did not do this.
Rule 55(a) of the Miss.R.Civ.P. provides that a default judgment shall be entered if a party has failed to plead or otherwise defend a claim asserted against him as provided by the rules. See Miss.R.Civ.P. 55(a). A party seeking a default judgment must make a written application to the court. If the non-moving party has failed to appear in any manner or capacity, default judgment may be entered by the clerk. Smith v. Everett, 483 So.2d 325 (Miss. 1986); Miss.R.Civ.P. 55(a). However, if such a party has appeared, he must be given three days notice prior to a hearing on the application of the default judgment. Failure to give this notice will render the entry of a default judgment invalid. See Smith, supra; State Sec. Life Ins. Co. v. State, 498 So.2d 825 (Miss. 1986); Miss.R. Civ.P. 55(b). However, the entry of a default judgment is a drastic step and should be applied only in extreme circumstances. See State Sec., supra; Wheat v. Eakin, 491 So.2d 523 (Miss. 1986).
In this case, Vining's answer to the formal complaint was due twenty (20) days after service of process. See Rules of Discipline 8.3. Vining received the formal complaint and filed his waiver of service of process and entry of appearance on June 8, 1985. His answer was due on June 28, 1985, but was never filed, nor was any other responsive pleading filed. On July 3, 1985, the motion for default judgment was filed and sent to and received by Vining. This motion was sustained on July 17, 1985, and the default judgment was entered by the Complaint Tribunal on August 21, 1985. No responsive pleadings were filed at any time.
We hold that the granting of the default judgment under these circumstances was proper. Vining was given three days notice prior to a hearing on the motion for default judgment. The complaint specifically set forth the facts of the case and the Disciplinary Rules that he had allegedly violated. Any motion to dismiss the complaint or cause should have been filed within twenty (20) days of the service of process. There is no merit to the first assignment of error.

II.

WAS THE SUSPENSION FROM THE PRACTICE FOR 120 DAYS OVERLY PUNITIVE IN LIGHT OF THE ALLEGED MISCONDUCT?
This Court is free to evaluate the punishment imposed and to enter any appropriate order that it sees fit. We find no merit to Mr. Vining's contention that he is being punished for his failure to appear before the Complaint Tribunal rather than his neglect of his client's case. We do note, however, that he treated himself as a client in the same cavalier and neglectful manner that he treated the client that brought this complaint against him.
When disciplinary actions are appealed to this Court we review the entire record, findings and conclusions of the Tribunal and render such orders as we deem appropriate. *1049 This is consistent with the Rules of Discipline 9.4 and our previous caselaw. See Levi v. Mississippi State Bar, 436 So.2d 781 (Miss. 1983). Punishment for any violation of the Rules of Discipline is not governed by a set standard, rather the cases are to be considered on a case by case basis. A Mississippi Attorney v. Mississippi State Bar, 453 So.2d 1023 (Miss. 1984).
We view this assignment of error as a plea for mercy as in fact it is. As we understand Mr. Vining at the oral argument of this case he has confessed his neglect. At argument he also set forth three extenuating circumstances: (1) involving his personal health; (2) one involving the health of a family member; and (3) a matter of personal distress.
In relying upon his brief to this Court and his appearance at oral argument Mr. Vining has engaged in what is at best a risky business. We look with great disfavor on members of our profession who ignore the well established procedures within the Bar used for handling complaints. We look with even greater displeasure at a member of our profession who neglects his professional duties to those who have sought his help.
Mindful that justice untempered by mercy may be unduly harsh, we are inclined to mercy in this case. This is so not because we consider the 120 days suspension meted out by the Mississippi State Bar Complaint Tribunal to be overly punitive and severe. The punishment was in keeping with the misconduct. However, due to the existence and the very nature of the three extenuating circumstances presented to this Court by Mr. Vining we have determined that the suspension from the practice of law is not appropriate under these peculiar facts. The fates have not dealt kindly with Mr. Vining and we are not disposed to add further to his burdens.
We therefore vacate the 120 day suspension and order that Francis M. Vining do receive a public reprimand.
SUSPENSION VACATED AND APPELLANT TO RECEIVE A PUBLIC REPRIMAND.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.