577 So.2d 844 (1991)
James Russell TUCKER
v.
MISSISSIPPI STATE BAR.
No. 89-BA-1098.
Supreme Court of Mississippi.
March 27, 1991.
Walker L. Watters, Gerald Brand Watters Cox & Hemleben, Jackson, for appellant.
Charles J. Mikhail, Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BANKS, JJ.

ORDER OF DISBARMENT
PRATHER, Justice.
This case having come on for consideration based upon the August 24, 1989 Opinion and Judgment of the Complaint Tribunal of the Mississippi State Bar issued subsequent to an evidentiary hearing had and done following the filing of a Formal Complaint and discovery, said Opinion and Judgment calling for the disbarment of *845 James Russell Tucker for his unprofessional and unethical conduct and conduct evincing unfitness for the practice of law, and the Court, having fully considered the record, briefs and arguments of the parties, and further being fully advised in the premises, finds as follows, to-wit:

I.
The Formal Complaint in this cause was filed on September 23, 1988; Mr. Tucker was served with process according to law on October 10, 1988. At all times herein mentioned, Mr. Tucker was a member of the Mississippi Bar and/or subject to the disciplinary jurisdiction of the Supreme Court of Mississippi and its designated agencies.

II.
A hearing was conducted before the Complaint Tribunal on Thursday, April 6, 1989, at which time Mr. Tucker appeared and was represented by counsel.

III.
Following the evidentiary hearing the Tribunal issued its Opinion and Judgment. After thorough examination and consideration, this Court adopts as its own the Opinion and Judgment of the Tribunal which was signed August 24, 1989 and filed with this Court August 30, 1989. A copy of the Opinion and Judgment of the Tribunal is attached hereto as Exhibit "A" and incorporated herein.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:
1. James Russell Tucker is hereby disbarred from the practice of law in the State of Mississippi and his name shall be immediately struck from the rolls of the Mississippi State Bar;
2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment, and shall send Mr. Tucker's copy by Certified Mail, Return Receipt Requested;
3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;
4. The Clerk shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi State Bar;
5. The Bar is entitled to recover from Mr. Tucker all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall file its Motion for Costs and Expenses with the Tribunal within ten (10) days of the filing of this Order;
6. Mr. Tucker is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any Court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name in any manner, in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of his disbarment until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi;
7. Within ten (10) days of receipt of this Order of Disbarment Mr. Tucker shall notify in writing each of his Mississippi clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;
8. Mr. Tucker shall return all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him. Within *846 thirty (30) days of receipt of this Order of Disbarment Mr. Tucker shall file with this Court and the Complaint Tribunal of the Mississippi State Bar an Affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein; and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so;
9. Within ten (10) days of receipt of this Order of Disbarment, Mr. Tucker shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected Courts and agencies, of his disbarment and consequent inability to act as an attorney. Within thirty (30) days of receipt of this Order of Disbarment Mr. Tucker shall file with this Court and the Complaint Tribunal of the Mississippi State Bar an Affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved, and all affected Courts and agencies, have been notified of his disbarment and consequent inability to act as an attorney;
10. Certification of this Order shall, in accordance with the provisions of the following paragraph, be made by the Clerk to the State Bar of Texas;
11. In accordance with the Order of this Court dated December 5, 1988, public disclosure of this Order of Disbarment and the certification to the State Bar of Texas shall become a matter of public record, and the contents of Mississippi State Bar's Confidential Misc. No. 312 shall likewise in all respects be a public record.
SO ORDERED, ADJUDGED AND DECREED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents.

Appendix

IN THE SUPREME COURT OF MISSISSIPPI (BEFORE A COMPLAINT TRIBUNAL)

Mississippi State Bar, COMPLAINANT,

vs.

James Russell Tucker, RESPONDENT.

Before a Complaint Tribunal Consisting of:

Judge George C. Carlson, Jr., Presiding Judge

Honorable John D. Sibley

Honorable James D. Minor

Misc. No. 312.

Aug. 30, 1989.

OPINION AND JUDGMENT
This matter came on for hearing before this Tribunal on Thursday, April 6, 1989.
Complainant, the Mississippi State Bar (the Bar), was represented by the Honorable Michael B. Martz, General Counsel, and the Honorable Charles J. Mikhail, Assistant General Counsel; Respondent, James Russell Tucker (Mr. Tucker), was represented by the Honorable Walker L. Watters.

FINDINGS OF FACT
1. The Formal Complaint in this cause was filed on September 23, 1988, pursuant to a written directive issued by the Bar's Committee on Professional Responsibility to the Bar's General Counsel dated September 15, 1988, and received by said Counsel on September 19, 1988. Mr. Tucker was served with process according to law on October 10, 1988. At all times herein mentioned, Mr. Tucker was a member of the Bar and/or subject to the disciplinary jurisdiction of the Supreme Court of Mississippi and its designated agencies.
2. The Tribunal has jurisdiction over the parties and subject matter.
3. In September of 1985, Sharon Michealene Tollison (Mickey) and Ramona Fay Clinard (Ramona) retained the law firm of Copeland, Cook, Taylor and Bush in *847 Jackson, Mississippi, to represent them in a claim against certain individuals and the executors of the estate of their grandfather, Jason Otto Palmertree, who died in Carroll County, Mississippi, in 1975. Mr. Tucker, an associate and employee of the law firm, agreed, on behalf of the firm, to represent Mickey and Ramona in exchange for a contingency fee equal to 35% of the amount recovered before filing suit, 40% after filing suit, 45% after filing suit and the case is prepared for trial, and 50% from and after five days prior to trial.
4. Mr. Tucker advised Mickey that he would force the executors of the estate to convey to Mickey and Ramona their shares of the estate or negotiate a sale of their shares to the executors or other heirs. He obtained an appraisal on the property and successfully negotiated a settlement whereby Mickey and Ramona would quitclaim their shares to the executors by deed in exchange for $68,575.00 for each share. Mr. Tucker prepared and Mickey and Ramona executed deeds quitclaiming their shares to the executors pursuant to the settlement agreement.
5. In order to pay for Mickey and Ramona's shares of the estate, the executors obtained a loan from First National Bank (now Trustmark) in Jackson, Mississippi, which prepared and delivered to Mr. Tucker certified checks made payable to Mickey and Ramona, each in the amount of $68,575.00.
6. On March 3, 1986, Mr. Tucker, Mickey and Ramona, and a friend of Mickey's, Joanne Loper, met in the lobby of the main office of Trustmark in Jackson to pay Mr. Tucker his attorney's fees. They did not do so that afternoon but agreed to meet at the bank the next morning. On the morning of March 4, 1986, in the lobby of the bank, Mickey gave Mr. Tucker two $24,000.00 personal checks made payable to him, which he accepted and deposited into his own personal checking account at Deposit Guaranty National Bank, without informing his employer of his receipt of the funds.
7. When Mr. Tucker deposited Mickey's first $24,000.00 check into his personal account on March 4, 1986, the balance of the account was $32.97. The final balance on May 30, 1986 (according to the account's quarterly statement), was $2,967.68. The total of deposits in the account for that quarterly period were $48,000.00 (the two checks from Mickey); total checks written on the account were $45,060.29 plus a $5.00 service charge. Immediately after making the March 4 deposit, Mr. Tucker wrote checks in amounts such as $3,416.03, $7,040.00 (of which Mr. Tucker has no recall), $1,236.55, and $2,967.68, having by March 12, depleted the $24,000.00 down to $4,349.84. After depositing the second $24,000.00 check, Mr. Tucker wrote several checks on the account, such as one for $500.00, one for $2,600.00, and two additional checks made out to cash.
8. Some time in May 1986, the attorney for a timber company which was going to purchase timber from the land in question, discovered an error in the legal descriptions of the property in the Quitclaim Deeds which Mr. Tucker had drafted, errors which they, the executors and Trustmark insisted be corrected by way of Mickey and Ramona executing Correction Deeds.
9. When Mr. Tucker approached Mickey in June 1986 about signing Correction Deeds, she was reluctant to do so inasmuch as she had already had serious reservations about the manner in which Mr. Tucker handled this case and the amount of the fee charged and had consulted another attorney, the Honorable Timothy Gowan (Mr. Gowan) of Jackson, Mississippi, to look into the situation. By September 1986, Mr. Gowan had had several conferences with members of the Copeland, Cook, Taylor and Bush law firm about the aforementioned events, none of whom knew anything about the case or Mr. Tucker's receiving the large fee. On October 6, 1986, seven months after receiving the money, Mr. Tucker tendered the money to the firm by way of two $24,000.00 certified checks. His association with the firm ended shortly thereafter.
*848 10. Mickey and Ramona then filed suit against Mr. Tucker and the law firm of Copeland, Cook, Taylor and Bush in the Chancery Court of the First Judicial District of Hinds County, Mississippi, in Cause No. 133,331, charging them, among other things, with unjust enrichment by trickery, fraud, deceit and misrepresentation. The case was settled outside of Court and dismissed with prejudice.
11. Though Mr. Tucker explains his conduct as due to an error in judgment, to being under pressure of litigation, and to domestic problems; and asserts that Mickey threatened, coerced, intimidated, and forced him to handle this case secretly, concealing it from his firm (he worked on the case from September 23, 1985, to March 25, 1986, without opening an official office file on the case), and accusing Mickey and her new attorney, Mr. Gowan, of conspiring to "do him in," he knew and should have known that his conduct was illegal, fraudulent, such as his payment of personal obligations  credit card debts, student loans  and using up nearly $45,000.00 of the $48,000.00 rightfully belonging to and owing to the law firm of Copeland, Cook, Taylor and Bush. Only after the problems arose with the legal descriptions in the deeds and after his law firm had learned of his conduct from other sources and began investigating the case did he tender the money to the firm in October 1986.
12. Mr. Tucker has shown a lack of remorse and consistently maintained that he committed no wrongdoing or ethical violations; and only upon being confronted with ironclad proof, did he change his testimony from that given at the investigatory hearing in this case and previous bar proceedings.
Based upon these Findings of Fact, the Tribunal must reach a conclusion as to whether Mr. Tucker's conduct merits the imposition of discipline.

CONCLUSIONS OF LAW
The Tribunal finds that, by clear and convincing evidence, the Bar has proven that Mr. Tucker's conduct violates certain disciplinary rules of the Code of Professional Responsibility for the Bar (DR's) and the statutory oath of attorneys, as follows:
(a) DR1-102(A)(1, 4, 5 and 6), which provide that a lawyer shall not violate a disciplinary rule, engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, engage in conduct that is prejudicial to the administration of justice, or engage in any other conduct that adversely reflects on his fitness to practice law;
(b) DR2-106(A), which provides that a lawyer shall not enter into an agreement for, charge or collect an illegal or clearly excessive fee;
(c) DR7-101(A)(1 and 3), which provide that a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means permitted by law and the disciplinary rules, or prejudice or damage his client during the course of the professional relationship; and
(d) Section 73-3-35 of the Mississippi Code of 1972, Annotated, which requires the attorney to demean himself with all good fidelity to the Court as to the client, to use no falsehood or delay any person's cause, and to support the Constitution of the State of Mississippi.
Based upon clear and convincing evidence, it is the opinion of this Tribunal that Mr. Tucker has demonstrated unprofessional and unethical conduct, and conduct evincing unfitness for the practice of law which constitutes legal grounds for the imposition of discipline.

JUDGMENT
Based upon the foregoing Findings of Fact and Conclusions of Law, the Judgment of this Tribunal is as follows:
1. Mr. Tucker should and is hereby DISBARRED from the practice of law in the State of Mississippi and this Opinion and Judgment shall constitute such disbarment.
2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Opinion and Judgment.
*849 3. When this Opinion and Judgment becomes final, the Clerk shall forward an attested copy of same to the Judges of the Circuit, Chancery and County Courts in and for Hinds County, Mississippi, with instructions to the Senior Judges of each of these Courts to include a copy of this Opinion and Judgment upon the Minutes of their respective Courts.
4. When this Opinion and Judgment becomes final, the Clerk shall immediately forward an attested copy of same to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States.
5. When this Opinion and Judgment becomes final, the Clerk shall forward an attested copy of same to the Executive Director of the Mississippi State Bar.
6. The Bar is entitled to recover of and from Mr. Tucker the sum of $127.77 previously assessed by the Committee on Professional Responsibility for the Bar, plus all court reporter's fees and all other actual, reasonable and necessary costs and expenses occasioned by the investigation and subsequent litigation in this matter. Within ten days of the date on which this Opinion and Judgment becomes final, the Bar shall file its Motion for Costs and Expenses and present same to the Tribunal.
7. Mr. Tucker is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any Court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name, in any manner, in conjunction with the phrases "attorney at law", "attorney", "counselor at law", "counselor", or "lawyer", for the period of his disbarment until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi.
8. Mr. Tucker shall notify in writing each of his Mississippi clients of this disbarment and of his consequent inability to act as an attorney, within ten days of the effective date of this disbarment, and to advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere.
9. Mr. Tucker shall return all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him. He is further ordered to file with this Tribunal or the Supreme Court of Mississippi an Affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein; and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so. Such Affidavit is to be submitted within thirty (30) days of the effective date of this disbarment.
10. Mr. Tucker shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected Courts and agencies, of his disbarment and consequent inability to act as an attorney within ten days after the effective date of this disbarment. Mr. Tucker is further ordered to file with this Tribunal or the Supreme Court of Mississippi an Affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved, and all affected Courts and agencies, have been notified of his disbarment and consequent inability to act as an attorney. Such Affidavit is to be submitted within thirty (30) days of the effective date of this disbarment.
11. Certification of this Opinion and Judgment shall, in accordance with the provisions of the following paragraph, be made by the Clerk to the State Bar of Texas.
12. Mr. Tucker shall have fifteen (15) days from the date of the filing of this Opinion and Judgment to supplement the record in this cause with bank records of *850 other bank accounts he maintained in 1986, such information to be used in mitigation before the Supreme Court of Mississippi, should the case be appealed to said Court.
13. In accordance with and in light of the Order of the Supreme Court of Mississippi dated December 5, 1988, public disclosure of this Opinion and Judgment and the certification to the State Bar of Texas shall be stayed for fifteen (15) days from the date of the filing of this Opinion and Judgment, after which it shall become a matter of public record, and the contents of Confidential Misc. No. 312 shall likewise in all respects be a public record. This Opinion and Judgment shall remain in full force and effect until further order of the Supreme Court of Mississippi.
SO ORDERED, ADJUDGED AND DECREED, this the 24 day of August, 1989, as rendered and issued on April 6, 1989.
 /s/ George C. Carlson, Jr.
 JUDGE GEORGE C.
 CARLSON, JR.
 PRESIDING JUDGE
 FOR THE TRIBUNAL
 /s/ John D. Sibley
 HONORABLE JOHN D.
 SIBLEY
 /s/ James D. Minor
 HONORABLE JAMES D.
 MINOR
DAN M. LEE, Presiding Justice, dissenting to order of disbarment:
Mr. Tucker found himself in peculiar circumstances at the time of the occurrence herein. In view of those circumstances, I would judge this case in accordance with the reasoning found in Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047 (Miss. 1987), and Pitts v. Mississippi State Bar Ass'n, 462 So.2d 340 (Miss. 1985), and recommend a lengthy suspension rather than disbarment. Therefore, I respectfully dissent from the Order of Disbarment.