[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1379 
This is an appeal taken from the April 29, 1992, Opinion and Judgment of The Mississippi Bar Complaint Tribunal finding attorney Stella Terrell guilty of professional misconduct and suspending her from the practice of law for one (1) year. The Bar brought a formal complaint against Terrell on June 25, 1991. On July 18, 1991, Terrell filed a Motion for Additional Time to Plead. Terrell was granted until August 23, 1991, to file her answer; however, she failed to respond and upon application from the Bar, the Clerk entered default against her on September 3, 1991. The Bar filed for default judgment, and at the hearing on December 17, 1991, the Tribunal entered default judgment. Although notice was sent to Terrell's counsel, neither Terrell nor her lawyer attended the default judgment hearing. Terrell's Motion to Set Aside Default Judgment was heard and denied by the Tribunal on April 29, 1992, from which this appeal was taken.
The Bar's allegations of Terrell's professional misconduct include: (1) failure to keep client Johnson informed of status of her case, failure to notify Johnson of trial date cancellations and promising trial dates that never took place; (2) misrepresentation to opposing counsel regarding trial dates, failure to comply *Page 1380 
with discovery requests of opposing counsel, misrepresentation regarding a release in exchange for settlement money, and generally a failure to correspond with opposing counsel to expedite litigation; (3) failure to establish a fee arrangement with client Johnson, failure to provide Johnson with an accounting prior to distribution of settlement money, and providing financial assistance to Johnson in connection with contemplated litigation
 I.
WAS DEFAULT JUDGMENT IMPROPERLY ENTERED IN THE ABSENCE OF PROOF OF SERVICE OF PROCESS OR A VALIDLY EXECUTED WAIVER OF PROCESS AND/OR ENTRY OF APPEARANCE?
Terrell argues that the default judgment was improperly entered against her because there is no evidence contained in the record of proof of service of process, and she did not execute a waiver or file any entry of appearance. Terrell does not claim she never received service of process, and pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure, Terrell was mailed, by First Class Mail on June 25, 1991, a copy of the summons and an attested copy of the formal complaint, as evidenced by the Certificate of Service and the Notice filed in the Court file on June 26, 1991.
The record also shows that Terrell filed a Motion for Additional Time to Plead shortly after receiving service of process. This motion for time was correctly styled and included the cause number from the Bar's formal complaint in the top right hand corner, and identified the Bar as the Complainant and Terrell as the Respondent.
The Mississippi Rules of Civil Procedure apply to default judgment in disciplinary actions. Vining v. Mississippi StateBar Association, 508 So.2d 1047, 1048 (Miss. 1987).
The Bar mailed the formal complaint on June 25, 1991. Terrell did not return an acknowledgement of service. The Bar did not then exercise the option of effecting service of process by other means permitted under the Rule, which would have shifted the burden of payment of costs to Terrell for service of process.
However, Terrell filed her Motion for Additional Time to Plead on July 18, twenty-three (23) days after the complaint was filed and mailed to her. M.R.C.P. 6(e) provides that whenever service of process is by mail, three (3) days shall be added to the prescribed period of time for response. A lawyer has twenty (20) days to respond to a formal complaint filed by the Bar against him. Rules of Discipline 8.3; see also, Vining. Therefore, Terrell's Motion for Additional Time to Plead, filed twenty-three (23) days after the formal complaint was filed and mailed to her, was filed on the last day permitted. Presumably, the Bar waited the entire prescribed period before exercising another option of service of process, and when Terrell filed her motion, the Bar assumed she had thereby waived any argument she might have had with respect to sufficiency of service of process or personal jurisdiction.
Waiver of the defenses of lack of jurisdiction over the person and insufficiency of service of process is governed by M.R.C.P. 12(h). Jones v. Chandler, 592 So.2d 966 (Miss. 1991). Rule 12(h) provides in pertinent part:
 (1) A defense of lack of jurisdiction over the person, . . . or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
Terrell did not raise the defenses of lack of personal jurisdiction or insufficiency of service of process until she filed her brief in this Court. She only filed three motions prior to her appeal to this Court: (1) Motion for Additional Time to Plead, filed on July 18, *Page 1381 
1991; (2) Motion to Set Aside Entry of Default Judgment filed on September 6, 1991; and (3) Motion to Set Aside Default [Judgment] filed on December 27, 1991. Since Terrell did not assert this defense by a Rule 12 motion within the prescribed 20 days, or in a responsive pleading or amendment thereof, Terrell waived these defenses.
Terrell correctly asserts that she did not waive service of process or make an entry of appearance as set forth in M.R.C.P. 4(e). She also cites Barfield v. Mississippi State BarAssociation, 547 So.2d 46 (Miss. 1989), in which this Court, citing Vining, said:
 default judgment may be granted in an attorney disciplinary proceeding, where formal complaint has been received, waiver of service of process and entry of appearance have been filed, no answer or any other responsive pleading has been filed, and motion for default judgment has been received.
Id. at 49. However, Barfield does not state that the above circumstances are the only ones under which a default judgment may be entered; rather, when those circumstances are present, "default judgment may be granted. . . ." Id. (Emphasis added). It is not necessary that a waiver of service of process and entry of appearance be filed for default judgment to be properly entered.
Default judgments are not favored as it is the policy of our judicial system to favor disposition of cases on their merits.Sartain v. White, 588 So.2d 204, 208 (Miss. 1991), citingWheat v. Eakin, 491 So.2d 523, 525 (Miss. 1986). Nonetheless, the default judgment entered against Terrell was proper.
Mississippi Rules of Civil Procedure, Rule 55, provides for a default judgment if a party has failed to plead or otherwise defend a claim asserted against her. Vining at 1048. Terrell failed to do just that. It cannot seriously be questioned that Terrell received the complaint; moreover, she cannot raise the defense of lack of personal jurisdiction at this stage of the proceedings. This assignment of error is without merit.
 II.
DOES THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ATTACH TO DISCIPLINARY PROCEEDINGS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND THE SIXTH AMENDMENT TO THE CONSTITUTION?
Terrell asserts that because of the quasi-criminal nature of Bar disciplinary proceedings, and the potential loss of property as a result of the imposition of discipline, she should be accorded the same right to effective assistance of counsel as a criminal defendant; citing, Levi v. Mississippi State Bar,436 So.2d 781 (Miss. 1983), and Netterville v. Mississippi StateBar, 397 So.2d 878 (Miss. 1981).
In Netterville, we said that due process is required in Bar disciplinary proceedings to the extent that: (1) the Bar is under a duty to prove by clear and convincing evidence, not merely by a preponderance of the evidence, that the lawyer violated the Rules of Discipline; (2) the lawyer accused of professional misconduct has the right to the names and addresses of the witnesses complaints counsel plans to call; (3) the accused lawyer has the right to call witnesses as well as cross examine witnesses called by the complaints counsel; (4) the accused attorney has the privilege of offering transcripts of witnesses testimony to be included as part of the complaints counsel's report; and, (5) the lawyer being brought before the Tribunal must be given notice and the opportunity to be heard. Id.
Netterville and Levi say nothing about a lawyer's right to effective assistance of counsel or, for that matter, a right to appointment of counsel in Bar proceedings. Additionally, inMississippi State Bar v. Young, 509 So.2d 210 (Miss. 1987), we said:
 We have repeatedly held that attorneys who are accused in bar disciplinary proceedings have the right to due process of law, Attorney K. v. Mississippi State Bar *Page 1382 Association, 491 So.2d 220, 222 (Miss. 1986); Myers v. Mississippi State Bar, 480 So.2d 1080, 1087 (Miss. 1985); Netterville v. Mississippi State Bar, 397 So.2d 878, 883-84 (Miss. 1981), although it is not at all clear that attorneys would be without this right if disciplinary proceedings were regarded as wholly civil in nature. On the other hand there are among the procedural trappings normally attendant upon a criminal trial numerous "rights" which have no place in bar disciplinary proceedings. For one thing, the attorney has no right to trial by jury. For another, the attorney's "guilt" need not be established beyond a reasonable doubt, as in criminal cases . . . but may be established by that lesser quantum of proof we label "clear and convincing evidence." Brumfield v. Mississippi State Bar, 497 So.2d 800, 807 (Miss. 1986); Levi v. Mississippi State Bar, 436 So.2d 781, 783-84 (Miss. 1983).
Id. at 212-13. Furthermore, we said in Levi specifically that practicing law is a privilege and not a property right.
If we were to hold that a lawyer is entitled to effective assistance of counsel at a Bar disciplinary proceeding, that lawyer would still be required to show that her counsel was in fact ineffective. The test for ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland two-pronged test is: "(1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined." Washington v. State,620 So.2d 966 (Miss. 1993), quoting Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987).
Terrell's counsel, Will Colom (Colom), was not involved in this Bar proceeding until he filed a Motion to Set Aside Entry of Default on September 6, 1991. Prior to that, he and several other lawyers, as members of the Magnolia Bar Association, had come to Terrell's aid, as she was having serious difficulties managing her caseload. Colom and the other lawyers took over many of her cases and paired her "with lawyers on virtually every case she had back last fall because she seemed to be in such distress."
The Bar's Motion for Default Judgment and Supporting Affidavit was heard by the Tribunal on December 17, 1991. The Bar mailed notice of the hearing to Colom on Oct. 3, 1991. There was apparently some missed communication in Colom's office regarding the hearing date, and neither Colom nor Terrell attended the hearing. Default Judgment was entered on December 17, 1991.
Colom then filed a Motion to Set Aside Default Judgment on December 27, 1991, stating that Terrell had obtained help for severe and chronic depression, and that she would acknowledge that her performance as a lawyer had become unacceptable. The motion filed by Colom on behalf of Terrell also pointed out that she had "voluntarily embarked upon a program to remedy the cause for her unresponsiveness, poor relationship with lawyers and some clients, and lack of diligence in addressing many professional matters."
Notice of Hearing on Terrell's Motion to Set Aside Default Judgment, set for April 29, 1992, was mailed to Colom on February 20, 1992. Terrell did not arrive at the hearing on time. She showed up when it was almost over after counsel for both parties had made their arguments, and just before the Tribunal rendered its verdict.
She now complains that Colom was ineffective in his representation of her at the hearing, claiming: (1) he failed to raise lack of personal jurisdiction; (2) that he admitted "without Terrell's knowledge, consent or agreement, the allegations of the complaint;" (3) that he failed to request a recess or continuance; (4) he failed to request a hearing on the imposition of discipline; (5) that he announced Terrell incapable of practicing law; (6) that he stated untruthfully that she would say the same; (7) that he stated untruthfully that she needed co-counsel on all cases; (8) that he stated Terrell was unable to communicate with attorneys because she *Page 1383 
took everything personally; (9) that he stated judges were angry with her because she would not appear at hearings; (10) he stated untruthfully that several lawyers had to assist her on virtually all of her cases; (11) he stated untruthfully that she was probably headed toward drug and alcohol addiction; (12) he stated under the prejudicial nature of the existing circumstances that it was not necessary for another hearing; (13) that he failed to address any of the facts contained in the complaint except to say untruthfully the material allegations were admitted; (14) that he failed to prepare for the hearing; (15) he failed to obtain pertinent data concerning his client to present at the hearing, especially in view of his own admission that he had not known Terrell for any length of time.
In order for Terrell's assignment to have merit, we must first hold that she is entitled to effective assistance of counsel, then we would have to find that Mr. Colom's performance was deficient, and also find that his performance prejudiced Terrell such that this Court's confidence in the correctness of the Tribunal's denial of Terrell's Motion to Set Aside the Default Judgment is undermined. Washington, Neal, and Strickland.
Terrell maintains that most of what Colom represented to the Tribunal was untrue. She does not point to any part of the record to substantiate her allegations that Colom misrepresented any facts to the Tribunal. This Court is left to grapple with Terrell's statements as alleged in her brief, and Colom's statements to the Tribunal. It is her word against his. With regard to Terrell's allegation that Colom failed to request a hearing on imposition of discipline, the record clearly shows that Colom addressed this issue and was rebuffed by the Tribunal. Furthermore, Colom's failure to raise the issue of lack of personal jurisdiction did not prejudice Terrell for the reasons stated in the first assignment of error.
Even if we were to find that Colom's performance was deficient, it was not his performance that prejudiced Terrell. Instead, it was her failure to timely show up for the hearing that caused the most damage. It is clear from the record at this hearing that any prejudice to Terrell was created by Terrell. Colom made a plea of mercy to the Tribunal when he was without a client present to assist him. Terrell did not suffer from ineffective assistance of counsel; rather, Colom suffered from ineffective assistance of client. This assignment of error has no merit.
 III.
DID THE BAR PROCEED WITHOUT HAVING JURISDICTIONAL AUTHORITY FROM THE COMMITTEE UPON VIOLATION OF RULES 3.4(c) AND 4.1, THEREBY DENYING TERRELL DUE PROCESS?
The formal complaint filed against Terrell states that she violated M.R.C.P. 3.4(c) and 4.1. Subsequent to a hearing to determine probable cause, the Committee on Professional Responsibility wrote a letter to Michael B. Martz, directing him to file a formal complaint against Terrell. This directive letter, however, did not include Rules 3.4(c) or 4.1 in its list of conduct in question. It is this discrepancy between the directive letter and the formal complaint that Terrell challenges as violative of her rights to due process.
Rule 7(a) of the Rules of Discipline states that "[t]he Committee shall function as a grand jury in matters of attorney discipline." Id. See also, Mississippi State Bar v. Blackmon,600 So.2d 166 (Miss. 1992). After determining whether probable cause exists, the Committee refers the matter to Complaint Counsel for the filing of a formal complaint. The Blackmon case does not stand for the proposition that it is a violation of due process for the Complaint Counsel to include Rule violations in the formal complaint which were not listed in the directive letter from the Committee. Blackmon states that it is impermissible to question Committee members with regard to the decision making process during investigation, analogizing that type of questioning to the situation involving the impermissible questioning of members of a grand jury. Id. at 174. *Page 1384 
We can find no authority for the argument that because Terrell did not receive notice of possible allegations and was not given the opportunity to cross-examine witnesses during the Committee's pre-complaint investigative proceedings that due process was violated. The formal complaint clearly included all the disciplinary rules of which the Tribunal found Terrell in violation. Furthermore, had she responded to the complaint, she would have been in the position to exercise all the Netterville
due process rights she was entitled to. Lastly, the Tribunal "employed the `clear and convincing' burden of proof required byNetterville." Myers v. Mississippi State Bar, 480 So.2d 1080, 1087, 1091. (Miss. 1985). This assignment is without merit.
 IV.
WERE THE TRIBUNAL'S DETERMINATIONS AFFECTED BY THE ISSUES OF TERRELL'S INCAPACITY AND HER CONDUCT BEFORE JUDICIAL OFFICERS IN THE ABSENCE OF NOTICE, THEREBY VIOLATING DUE PROCESS?
It is Terrell's position that at the hearing on her Motion to Set Aside the Default Judgment her lawyer made reference to her incapacity to practice law and this reference violated due process, because it allowed Terrell to be tried on issues of incapacity and other issues not included in the formal complaint. The only authority Terrell cites in this assignment of error isNetterville, supra.
One must recall that Terrell arrived late for the hearing on the motion and her counsel, Mr. Colom, in a plea of mercy on her behalf, brought the issue of her incapacity before the Tribunal. The motion in question before the Tribunal was whether there existed good cause to set aside the default judgment pursuant to M.R.C.P. 55(c). The Tribunal found that no such good cause existed.
Netterville does not support Terrell's claim. This is not a case in which the lawyer was tried on issues of which she had no notice; rather, Terrell herself, through counsel, brought the issue of her incompetence before the Tribunal. While Terrell's inability to effectively practice law was pervasive throughout the hearing, there is nothing in the record to show that the denial of Terrell's Motion was based on that issue. This assignment is without merit.
 V. DID THE TRIBUNAL WRONGFULLY BIFURCATE DISCIPLINE IN THESE PROCEEDINGS?
Subsequent to its denial of Terrell's Motion to Set Aside the Default Judgment, the Tribunal rendered a judgment stating:
 1. Ms. Terrell shall be and is hereby SUSPENDED from the practice of law in the State of Mississippi for one (1) year and this Opinion and Judgment shall constitute such suspension.
 2. As a condition for Ms. Terrell's reinstatement to the practice of law, she must and shall make a full accounting of client funds as set out in the Formal Complaint. In the event such accounting reveals misappropriation of client funds, this Tribunal shall retain and retains jurisdiction to reconsider the imposition of additional discipline.
Terrell claims this violates due process, citing Rule of Discipline 8(b)(iii). The basis for this argument comes from the language of the Rule which states that an attorney suspension will be "for a fixed period of time." It is clear from paragraph one of the judgment that Terrell's period of suspension is for one (1) year. Rule 8(b)(iii) goes on to say that the judgment of the Tribunal may suspend the attorney "for a fixed period of timeand may specify conditions precedent to reinstatement. . . ."Id. (Emphasis added).
Terrell complains that the Tribunal should have held a separate hearing on the issue of the imposition of discipline, but she neither filed a motion to bifurcate the hearing, nor does she cite any authority in her brief to substantiate her claim that it was *Page 1385 
error for the Tribunal not to bifurcate the hearing on its own. Rule 8 of the Rules of Discipline does not require a bifurcated hearing. This assignment is without merit.
 VI. DID THE BAR FAIL TO MEET ITS BURDEN OF PROOF?
The burden of proof on the Bar in an attorney disciplinary proceeding is to show that the attorney violated the rules in question by clear and convincing evidence. Attorney Q. v.Mississippi State Bar, 587 So.2d 228, 232 (Miss. 1991). In Bar disciplinary proceedings, where the Rules of Discipline are silent, the Rules of Civil Procedure apply. Vining. The comment to M.R.C.P. 55 Default states:
 [o]nce the default is established, defendant has no further standing to contest the factual allegations of [the Bar's] claim . . . [the attorney's] only recourse is to show good cause for setting aside the default under Rule 55(c) and, failing that, to contest the amount of [discipline imposed].
However, when disciplinary actions are appealed to this Court, we evaluate the evidence by reviewing the entire record "de novo,
on a case-by-case basis, sitting as triers of fact, and no substantial evidence or manifest error rule shields the Tribunal from scrutiny." Mississippi State Bar v. Blackmon,600 So.2d 166, 171 (Miss. 1992); citing Foote v. Mississippi Bar Ass'n,517 So.2d 561, 564 (Miss. 1987). See also, Vining at 1048-49.
While Terrell did cite a case to establish the Bar's burden of proof, she does not provide us with any authority or evidence as to why the Bar failed to prove its case by clear and convincing evidence. Terrell merely states in conclusory fashion that the evidence was insufficient. The only way to evaluate the assertion that the Bar failed to meet its burden of proof is to look at the facts presented by the Bar, taking them as correct, to determine if it is clear and convincing that Terrell violated each rule that the Tribunal found her to have violated.
It is clear and convincing that Terrell violated the rules she fails to specifically object to in her brief. She cites Rules 1.5(a) and (b), 1.6(a), 1.15(b)(c), 3.2, 3.4(c), 4.1 and 8.4(a)(c) and (d) with particularity as being unsupported by clear and convincing evidence. It will be necessary to evaluate them one at a time:
Rule 1.5(a) states that a lawyer's fee shall be reasonable. The facts as presented by the Bar are that Mitchell sent Terrell a $4,000 settlement check for payment in full of Johnson's injuries. Terrell and Johnson endorsed the check, after which Terrell gave Johnson a check in the amount of $1,300 representing her portion of the proceeds of the settlement. Another check for $700 was paid to the doctor who tended to Johnson's injuries. Hence, resting on the premise that paying Johnson's doctor's fee was tantamount to paying Johnson, Terrell took one-half (1/2) of the proceeds of the settlement. Furthermore, according to Johnson, she endorsed a $400.00 check payable to Stella Terrell that represented the repayment of a $400.00 loan she received from Ms. Terrell earlier in the case to help her defray some of her personal expenses.
Presumably, this was a contingency fee arrangement: Terrell received her fee as a result of the settlement arranged with Mitchell; there was no written contract between Terrell and Johnson regarding Terrell's fee; and Johnson has no idea how much she paid Terrell throughout the representation. The question then becomes, was the fee reasonable under the circumstances in this case? Rule 1.5(a) sets forth the factors to be considered to determine whether or not a fee is reasonable:
 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services; *Page 1386 
 (4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
 (8) whether the fee is fixed or contingent.
Here, as with all the alleged violations, Terrell merely states that it is not clear and convincing that she violated the rule, and the Bar relies on the fact that Default Judgment was entered, making no reference to the facts in support of its argument. The fact that Terrell provided Ms. Johnson with financial assistance, and that Ms. Johnson was not apprised of the fee arrangement, are violations of Rules 1.8(e) and 1.5(b)(c) respectively. For the purposes of Rule 1.5(a), the record does not provide us with clear and convincing evidence that Terrell's fee itself was unreasonable. It is clear and convincing that the terms and conditions surrounding the fee were unreasonable; however, that is not sufficient evidence to determine that Terrell violated Rule 1.5(a).
Rule 1.5(b) states that "[w]hen a lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation." Terrell does not allege that she represented Johnson on other matters; on the other hand, the Bar does not present facts indicating that Terrell did not regularly represent Johnson. The facts state that "[s]ubsequent to [Johnson's] accident, Ms. Johnson hired Ms. Terrell to represent her. . . ."
This was a personal injury case, thus not the type of matter that would lead to a career long lawyer-client relationship. The Comment to Rule 1.5 states that "[w]hen the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee. In a new client-lawyer relationship, however, an understanding as to the fee should be promptly established." It stands to reason that whether the client is a new one or "a regular," if no basis or rate of the lawyer's fee has previously been established, the lawyer is responsible for communicating the basis or rate of the fee to the client. The idea here is to protect clients from surprise when the bill comes.
Terrell and Johnson had no understanding as to the fee Terrell would charge for representation. It is clear and convincing that Terrell violated this Rule of Professional Conduct.
Rule 1.6(a) states: "A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c)." The Bar does not argue in its brief which facts point to this violation (or for that matter, which facts point specifically to any of the alleged violations); rather, the Bar trusts that this Court, taking the material allegations as true in accordance with the entry of the default judgment, will sift through and find the violations.
The only facts alleged by the Bar that even arguably lend themselves to a finding by clear and convincing evidence that Terrell violated Rule 1.6(a) are these: (1) When Johnson and Terrell met at Terrell's office to negotiate the settlement checks, "two unidentified gentlemen, who were strangers to Ms. Johnson, were present." (2) "When Johnson received her check from Ms. Terrell, Ms. Terrell told Ms. Johnson not to cash her check until the `papers' were signed which would take approximately four to five days. Ms. Johnson said she signed some document, but did not know what the document was, and Ms. Terrell did not explain the significance of the document to her." Id. (3) Just after this, on three occasions, Ms. Terrell told Mitchell and/or his representative (Carla Strong) that Johnson had signed the full, final and absolute release. Id. *Page 1387 
These occurrences do not rise to the level of clear and convincing evidence that Terrell violated her duty not to reveal information relating to the representation of Johnson. There are no facts which indicate that the two "unidentified gentlemen" had anything revealed to them. With regard to the release, which the Bar infers Terrell had Johnson sign unbeknownst to her, this was arguably impliedly authorized, as Johnson had consulted with Terrell prior to accepting the settlement. Terrell's representations to Strong and/or Mitchell that Johnson had signed the release is also arguably "impliedly authorized in order to carry out the representation . . ." Rule 1.6(a).
Based on the foregoing, the Tribunal's finding that Terrell violated Rule 1.6(a) is not supported by clear and convincing evidence.
Rule 1.15(b) states:
 Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
Terrell violated this Rule. After receiving the settlement checks from Mitchell, she did not, and still has not sent Mitchell the release to which he was entitled as Ruth Hester's representative. Even after negotiating the checks, which Mitchell expressly asked her not to do until he received the release, Terrell has not sent the release.
Rule 1.15(c) states:
 When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved.
According to the facts presented by the Bar, Terrell received the settlement checks from Mitchell, endorsed them along with Johnson, and then gave Johnson a check for $1,300. There was never an accounting. Johnson claims she does not know how much money she paid Terrell as there was never a contract or agreement regarding fees. Terrell seemingly just gave Johnson what she felt was proper without explaining anything to Johnson. This is clear and convincing evidence that Terrell violated this Rule.
Rule 3.2 states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Based on Terrell's failure to respond to Mitchell's correspondence regarding discovery requests and trial dates, her failure to follow the circuit court's order mandating compliance with discovery requests, and her delay with regard to the release she agreed to send to Mitchell to finalize the settlement agreement, she did, by clear and convincing evidence, violate this Rule of Professional Conduct.
Rule 3.4(c) states: "A lawyer shall not: (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Again, based on Terrell's failure to abide by the court order mandating compliance with Mitchell's discovery requests so the lawyers could report back to the court, she violated this Rule.
Rule 4.1: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; . . ." Terrell's representations to Mitchell that Johnson had not negotiated the checks, and that she had sent the release to him, put her in violation of this rule.
Rules 8.4(a)(c) and (d): "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another *Page 1388 
to do so, or do so through the acts of another . . .; (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice . . .;" The facts noted supra
show by clear and convincing evidence that Terrell violated these Rules of Professional Conduct.
This assignment of error has merit with regard to Rules 1.5(a) and 1.6(a) as the evidence is not clear and convincing that Terrell violated these rules. Otherwise, with regard to the violations she objects to with particularity, and the violations she fails to specifically object to, this assignment of error has no merit.
 VII. WHETHER THE DISCIPLINE IMPOSED IS EXCESSIVE?
The Complaint Tribunal imposed a discipline of one (1) year suspension upon Terrell. Terrell asks that she be granted the opportunity to appear before this Court for a hearing in order to present mitigating factors and her side of the story. She also states that the one (1) year suspension is excessive discipline, arguing that her actions did not amount to dishonesty, and moreover, the Bar alleged no prejudice to her clients.
This Court in Blackmon, 600 So.2d 166 (Miss. 1992), stated:
 In determining what discipline, if any is appropriate we look to several factors. These factors include: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; and (5) the sanctions imposed in similar cases. . . . Additionally, the ABA has approved a set of standards for imposing lawyer sanctions which includes the following factors a court should consider when imposing sanctions: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors.
Id. at 173. Furthermore, with regard to mitigating factors affecting discipline imposed, this Court was not "disposed to add further to [the lawyer's] burdens" when matters such as personal health, a family member's health, and personal distress were presented as extenuating circumstances. Vining, at 1049. Colom, Terrell's counsel at the hearing on the Motion to Set Aside Default Judgment, indicated that she had "encountered numerous problems" including separation from her husband, having a small child, being a solo-practitioner, commuting to Yazoo City from Jackson, and depression.
In spite of the mitigation offered by Mr. Colom in this case, Terrell was found to be guilty of negligence and knowingly misrepresenting material facts. This is enough to warrant a one (1) year suspension.
The judgment of the Complaint Tribunal is affirmed in part and reversed in part. Suspension from the practice of law for one (1) year is Affirmed.
AFFIRMED IN PART; REVERSED IN PART. STELLA TERRELL ISSUSPENDED FROM THE PRACTICE OF LAW FOR ONE (1) YEAR.
HAWKINS, C.J., PRATHER, P.J., and PITTMAN, JAMES L. ROBERTS Jr. and SMITH, JJ., concur.
BANKS, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and McRAE, J.