# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-EC-00229-SCT

*IN RE: CONTEST OF THE MUNICIPAL
GENERAL ELECTION FOR THE WARD 4
ALDERMAN SEAT FOR THE CITY OF
COLDWATER, MISSISSIPPI HELD MARCH 8,
2022, PURSUANT TO JUDGMENT OF
HONORABLE BETTY W. SANDERS DATED
DECEMBER 14, 2021: LEVON W. HAYES*

*v.*

*ALICE M. THOMAS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/23/2023 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| TRIAL COURT ATTORNEYS: | THOMAS A. WALLER |
| | JAMES KEVIN LITTLETON, III |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN R. REEVES |
| ATTORNEY FOR APPELLEE: | THOMAS A. WALLER |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND REMANDED - 04/04/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Levon Hayes was declared the victor in a special general election for Ward 4 Alderman of Coldwater, Mississippi. Suspicious of the vote count, his opponent Alice Thomas filed an election contest. Hayes was personally served with the contest and a Rule 4 summons, but he did not file an answer or make any effort to appear. Thomas then applied for a default judgment nearly a year later, which the Tate County Circuit Court granted. The

default judgment declared Thomas the victor and called for her immediate swearing in.

¶2.     Hayes appealed, petitioning this Court to determine whether, pursuant to Mississippi Code Section 23-15-951 and the Mississippi Rules of Civil Procedure, a default judgment was permissible in this general election contest. We find (1) that it was not and (2) that Thomas's failure to diligently prosecute her contest requires its dismissal with prejudice. We therefore reverse the default judgment and remand the case to the circuit court to dismiss Thomas's contest with prejudice and to reinstate the elected candidate, Hayes.

### FACTS

¶3.     Thomas and Hayes first ran against each other for Ward 4 Alderman of Coldwater, Mississippi, in a general election held June 8, 2021. Per the vote count, Thomas prevailed. Hayes then filed an election contest in Tate County Circuit Court on June 28, 2021, as was his right under Mississippi Code Section 23-15-951.[1] Two days later, a special judge was appointed to preside over the contest.

¶4.     Following discovery, Thomas and Hayes agreed that the election results were potentially invalid. They felt three errors had likely marred the results: (1) the number of votes' being inaccurately counted; (2) the ballot boxes' being compromised; and (3) the absentee, affidavit, and curbside ballots' being mixed.

¶5.     By agreement, the special judge ordered a special general election. The election was

---

[1] Section 23-15-951 provides in relevant part, "a person desiring to contest the election of another person returned as elected to any office within any county, may, within twenty (20) days after the election, file a petition in the office of the clerk of the circuit court of the county, setting forth the grounds upon which the election is contested." Miss. Code Ann. § 23-15-951 (Rev. 2018).

held on March 8, 2022, with Hayes receiving ninety-eight votes to Thomas's seventy-three. Thomas filed a contest of the special election in Tate County Circuit Court on March 18, 2022, claiming the results had been tainted by fraud, invalid absentee ballots, and residency issues.

¶6. On March 21, 2022, the same special judge from Hayes's election contest was appointed to preside over Thomas's contest. Hayes was personally served with Thomas's contest and a Rule 4 summons on April 11, 2022. The summons contained the following:

> Your response to the Complaint must be mailed or delivered within (30) days from the date of the delivery of this Summons. Your response to the discovery must be mailed or delivered within (45) days from the date of the delivery of this Summons. Your failure to respond to the Complaint and/or discovery could result in a judgment by default being entered against you for the money or other things demanded in the Complaint.

¶7. After service, Hayes did not file an answer, appear in court, or respond in any way. Thomas then applied to the clerk for an entry of default on July 22, 2022. The clerk entered the default that same day.

¶8. On February 2, 2023, Thomas applied to the circuit court for a default judgment against Hayes, noting Hayes had not answered and therefore had not complied with the summons. The circuit court granted Thomas a default judgment on February 23, 2023. In the judgment, the court declared Thomas the victor and mandated that she be sworn in immediately.

¶9. Hayes did not file a motion to set aside the default judgment. He instead filed a notice of appeal on March 1, 2023.

## STANDARD OF REVIEW

3

¶10.   "[I]n an election contest, the standard of review for questions of law is de novo."

***Chandler v. McKee***, 202 So. 3d 1269, 1271 (Miss. 2016) (internal quotation marks omitted)

(quoting ***McDaniel v. Cochran***, 158 So. 3d 992, 995 (Miss. 2014)).  And "[m]atters of

statutory interpretation also are reviewed by this Court using a de novo standard." ***Id.*** (citing

***Wallace v. Town of Raleigh***, 815 So. 2d 1203, 1206 (Miss. 2002)).

**DISCUSSION**

¶11.   The circuit court granted Thomas a default judgment under Mississippi Rule of Civil

Procedure 55.  Its decision to do so should not be taken lightly, as the default judgment set

aside the certified election results and mandated the losing candidate be sworn in.  We

therefore must carefully determine whether a default judgment was permissible in this

general election contest.

¶12.   While the Rules of Civil Procedure admittedly apply to a wide range of proceedings,

Rule 81(a)(4) makes clear that in "proceedings pertaining to election contests[,]" the Rules

"are subject to limited applicability[.]" M.R.C.P. 81(a)(4).  Such proceedings "are generally

governed by statutory procedures." *Id*.  We thus turn to Mississippi Code Section 23-15-951

for guidance.  The statute provides in relevant part:

> The Supreme Court shall compile a list of judges throughout the state
> to hear such disputes before an election.  It shall be the official duty of the
> designated circuit judge or chancellor to proceed to discharge the duty of
> hearing the contest at the earliest possible date.  The date of the contest shall
> be fixed by the judge or chancellor, and the judge or chancellor shall provide
> reasonable notice to the contestant and the contestee of the date and time fixed
> for the contest.  The judge or chancellor shall cause the contestant and the
> contestee to be served in a reasonable manner.  When the contestee is served,
> such contestee shall promptly file his answer, and cross-complaint, if the
> contestee has a cross-complaint.

4

Miss. Code Ann. § 23-15-951 (Rev. 2018).

¶13.    Based on the statute's plain language, two provisions preclude default judgment: (1) "[i]t shall be the official duty of the designated circuit judge . . . to discharge the duty of hearing the contest[,]" and (2) "the judge . . . shall provide reasonable notice to the contestant and the contestee of the date and time fixed for the contest." *Id*. These provisions require a hearing to be held at which the contestant must satisfy her burden of proof regarding the election results. *See, e.g.*, ***Harreld v. Banks***, 319 So. 3d 1094, 1106 (Miss. 2021). Default judgment was therefore not permissible under the statute.

¶14.    Thomas contends on appeal, however, that a default judgment under Rule 55 was permissible since Section 23-15-951 is silent regarding default judgments. She analogizes election contests and attorney discipline by noting that Rule 81(a)(2), in the same list that mentions election contests, sets forth that in "proceedings pertaining to the disciplining of an attorney," the Rules of Civil Procedure are "subject to limited applicability[.]" M.R.C.P. 81(a)(2). She then points out that in ***Vining v. Mississippi State Bar Association***, 508 So. 2d 1047, 1048 (Miss. 1987), this Court reasoned that since "[t]here are no specific procedures concerning entry of default judgment in disciplinary actions by the State Bar Committee . . . the Rules of Civil Procedure apply." But unlike in ***Vining***, here, a clear statutory requirement—the hearing—was ignored. Our primary consideration is therefore not Section 23-15-951's silence as to default judgments but rather its requirement as to hearings.

¶15.    Beyond the lack of a hearing, we are further concerned (1) with the Rule 4 summons

5

and (2) with Thomas's dilatory approach to her contest. Section 23-15-951 provides, "[t]he circuit clerk shall . . . cause a copy of [the contestant's election contest] to be served upon the contestee, which shall serve as notice to [the] contestee." Miss. Code Ann. § 23-15-951 (Rev. 2018). Here, Hayes was properly served with a copy of Thomas's contest pursuant to Section 23-15-951, but he was also served with the Rule 4 summons. Section 23-15-951 does not, however, call for such a summons.

¶16. The improper summons put Thomas's contest in violation of Section 23-15-951 from the outset. It incorrectly signaled to Hayes, Thomas, and the special judge (1) that Hayes had a thirty-day answer period; (2) that Hayes's answer was optional instead of him being required to "promptly file his answer," *id*.; and (3) that a default judgment was permissible. Further, the summons signaled that Thomas's contest was an ordinary lawsuit to be eventually tried according to the generally applicable Rules of Civil Procedure, which it was not.

¶17. Despite the delays that then resulted, Thomas made no effort to correct the improper summons or to secure the requisite hearing. And once Hayes failed to answer, Thomas waited four months to apply for an entry of default and another six months to apply for a default judgment. These periods of inaction evidence an indifference to the public's interest in having its elections promptly decided since Section 23-15-951 requires the hearing be held "promptly" and "at the earliest possible date." *Id*. They also violated the procedures expressly set forth in Section 23-15-951, including those for service and for the requisite hearing.

6

¶18. Considering Thomas's failure to prosecute has resulted in a delay of more than two years, we will not further entertain her idle contest when she clearly failed to follow Section 23-15-951.

## CONCLUSION

¶19. The plain language of Section 23-15-951 precludes default judgment, and Thomas failed to diligently prosecute her election contest under the procedure laid out by the statute. We therefore reverse the default judgment and remand the case to the circuit court to dismiss Thomas's contest with prejudice and to reinstate Hayes, the lawfully elected candidate, as the Ward 4 Alderman.

¶20. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**