669 So.2d 40 (1996)
THE MISSISSIPPI BAR
v.
Firnist ALEXANDER.
No. 95-BD-00719-SCT.
Supreme Court of Mississippi.
February 15, 1996.
Michael B. Martz, Jackson, for Petitioner.
Firnist J. Alexander, Jr., Jackson, Pro Se.
EN BANC.
PRATHER, Presiding Justice, for the Court:

INTRODUCTION
The Mississippi Bar files this formal complaint against Firnist Alexander seeking reciprocal disciplinary action pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar after the United States District Court for the Southern District of Mississippi, another jurisdiction, suspended him from practice in its court for two years for failure to comply with court orders. Finding Alexander's conduct sanctionable, this Court suspends him from the practice of law in any court in this state for six months.

THE FACTS
Firnist J. Alexander, Jr., has been a licensed attorney in the State of Mississippi since approximately 1974. In the last three years, he has been sanctioned by the Southern District in at least twenty separate cases and ordered to pay monetary sanctions to the court or to the parties involved by at least five federal judges. This Court, as recently as eight months ago, issued a public reprimand against Alexander for failure to communicate with his clients and to bring matters to trial, together with an order to pay $2,000 restitution. See Alexander v. The Mississippi Bar, 651 So.2d 541 (Miss. 1995).
On July 7, 1995, the United States District Court for the Southern District of Mississippi conducted a hearing where Alexander appeared *41 pro se, but he was allowed to have the Honorable Everette Sanders serve as "standby counsel." The Order to Show Cause previously served on Alexander enumerated numerous occasions where he failed to follow the Uniform Local Rules of the District Court. The various sanctions imposed on Alexander include: failure to produce or cooperate in discovery, failure to appear, failure to prepare for pretrial conferences, failure to respond to motions, and failure to submit settlement memos. The total amount of sanctions which were unpaid until the hearing were $6,651.
At the hearing, Alexander verbally argued and entered into evidence a response to the show cause order and a copy of an order by the Southern District Court where a dismissed case was reinstated. The order reinstating the case did not excuse the reason for the original dismissal. Furthermore, the district court reinstatement order stated that Alexander did not disagree with the facts of the prior orders imposing sanctions. Alexander's argument to the district court was that he lacked resources with which to handle his caseload, and that he recently purchased a computer and hired personnel to correct the problem. Alexander only argued that none of the orders constituted sufficient grounds for suspension or disbarment.
The district court found that the failure to pay a sanction was in itself a failure to obey an order of the court and suspended Alexander from the practice of law in the Southern District Court for two years with the exception of his pending cases, if the clients choose to have him continue. Alexander was ordered to provide proof to the court that he contacted his clients in writing regarding his suspension.
Thereafter, the Mississippi Bar filed a formal complaint in this Court against Alexander seeking reciprocal sanctions against Alexander under Rule 13 of the Rules of Discipline of the Mississippi State Bar. The Mississippi Bar recommended a reciprocal discipline by this Court, including the payment of the formerly ordered restitution. Alexander's argument to this Court is that he should not be punished again for the same offenses as imposed by the federal district court.

THE LAW
The Supreme Court of Mississippi has exclusive and inherent jurisdiction in matters pertaining to attorney discipline. Asher v. The Mississippi Bar, 661 So.2d 722, 727 (Miss. 1995); Gex v. Mississippi Bar, 656 So.2d 1124, 1127 (Miss. 1995); R. Discipline Mississippi State Bar 1(a). Furthermore, the Supreme Court conducts a de novo review in bar disciplinary matters. Mississippi Bar v. Attorney R., 649 So.2d 820, 824 (Miss.), cert. denied, ___ U.S. ___, 115 S.Ct. 2582, 132 L.Ed.2d 831 (1995); Gex, 656 So.2d at 1127; R.Discipline Miss.State Bar 9.4.
Typically, the burden is on the Mississippi Bar to show by clear and convincing evidence that an attorney's actions constitute professional misconduct. Goodsell v. The Mississippi Bar, 667 So.2d 7 (Miss. 1996) (citing Terrell v. Mississippi Bar, 635 So.2d 1377, 1384 (Miss. 1994)); Alexander, 651 So.2d at 544 (citing Attorney W.L. v. Mississippi Bar, 621 So.2d 235 (Miss. 1993)). However, the Mississippi Bar files this complaint under the auspices of Rule 13 of the Rules of Discipline for the Mississippi State Bar. Rule 13 provides:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
R.Discipline Miss.State Bar 13 (emphasis added).
*42 Conclusive evidence has already been established that Alexander exemplified conduct unbecoming of a lawyer. This Court considers the action of the United States District Court as the action of another jurisdiction under Rule 13. The sole issue before this Court is the extent of the final discipline which may be more or less severe than what Alexander faced in federal district court. There are two sets of criteria this Court looks at when determining sanctions for misconduct. The first set of criteria was developed through our case law which considers:
(1) the nature of the misconduct involved;
(2) the need to deter similar misconduct;
(3) the preservation of the dignity and reputation of the profession;
(4) the protection of the public; and,
(5) the sanctions imposed in similar cases.
Attorney R., 649 So.2d at 824-25; see also Mathes v. The Mississippi Bar, 637 So.2d 840, 846-47 (Miss. 1994).
The second set of criteria originates from the American Bar Association's guidelines, specifically Standard 3.0 which contemplates:
(a) the duty violated;
(b) the lawyer's mental state;
(c) the actual or potential injury resulting from the misconduct, and the existence of aggravating or mitigating factors.
L.S. v. Mississippi Bar, 649 So.2d 810, 815 (Miss. 1994) (quoting Mississippi Bar v. Attorney ST, 621 So.2d 229, 233 (Miss. 1993)).
It is obvious that Alexander had a flagrant disregard for the plight of his clients by not showing up for various court conferences, not responding to the opposing parties' discovery, and not submitting the requisite conference memos. Such actions reflect negatively on the legal profession as a whole.
Alexander also argued that he will be denied due process in that he will be denied his right of confrontation and right to defend the charges against him should this Court issue more severe sanctions. This Court has squarely addressed these arguments in Mississippi Bar v. Strauss, 601 So.2d 840 (Miss. 1992). From Strauss, this Court stated that henceforth all request for discipline based on sanctions imposed by other jurisdictions shall be presented to the Supreme Court with the sole issue being the extent of final discipline. Strauss, 601 So.2d at 844. There is no need for additional fact-finding. As stated in Strauss:
The lawyer who is subject to reciprocal discipline may respond to the Bar's request for reciprocal discipline and may, at that time, offer any mitigating factors which he thinks served to diminish the necessity for, or severity of, sanctions to be imposed by this Court.
Id.
Alexander offered no mitigating circumstances other than he has already received discipline for his wrongdoings and to receive any further discipline would result in double punishment. These are not mitigating factors, but rather, the basis for a Rule 13 discipline. The record is replete with orders detailing how Alexander's action, or rather, inaction, prejudiced opposing parties by making them unable to prepare for trial.

CONCLUSION
In accordance with Rule 13 of the Rules of Discipline for the Mississippi State Bar, this Court accepts the United States District Court of the Southern District of Mississippi's suspension of Alexander as conclusive proof of his guilt of failure to follow court orders and protect his clients' interests. This Court holds that reciprocal sanctions are in order under Rule 13. This Court notes that the federal suspension for two years was conditional, permitting conclusion of pending cases with the agreement of his clients. However, this Court's suspension will be total with no practice before any court. For that reason, this Court imposes a six month suspension from the practice of law in all courts in the State of Mississippi. Additionally, the Court requires proof of the compliance with the former orders of this Court, including payment of the $2,000 restitution.
JUDGMENT IS AFFIRMED; FIRNIST ALEXANDER IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW FOR A PERIOD OF SIX (6) MONTHS IN ALL STATE COURTS OF MISSISSIPPI; AND, PROVIDE PROOF TO THIS COURT OF *43 COMPLIANCE WITH THE FORMER ORDERS OF THIS COURT, INCLUDING PAYMENT OF THE $2,000 RESTITUTION.
SULLIVAN, P.J., PITTMAN, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
BANKS, J., dissents with separate written opinion joined by McRAE, J.
DAN M. LEE, C.J., not participating.
BANKS, Justice, dissenting:
While I agree that Mr. Alexander's failings in the federal forum warrant a reciprocal sanction by this Court, I am unable to agree with the severity of that sanction.
The United States District Court for the Southern District, faced with a pattern of failure to honor discovery and docket management obligations, suspended Alexander for two years. Significantly, however, it permitted Alexander to continue to practice in that court with regard to cases already filed, should his clients continue his services. Although we are by no means bound by its determination, it is also significant that the federal court did not find that Alexander's conduct warranted "more stringent disciplinary action, including suspension or disbarment" to the extent that it should avail itself of the option of referring the matter to the Mississippi State Bar for such action as prescribed in its rules. Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, Rule 1(c)(1).
The federal district court sanction of only a partial suspension and its failure to refer the matter for further discipline is no doubt based in large part upon the mitigating factor that the attorney in question continues to perform the valuable service of taking on expensive, time consuming litigation in the area of employment discrimination when few other lawyers will do so. The court said as much in explaining its failure to have taken action sooner in the face of Alexander's persistent failure to comply with court deadlines. Clearly that court concluded that, but for its allowing Alexander to continue representing his present clients in that court, those clients would go unrepresented.
The challenge of finding attorneys willing to take on civil rights cases is well documented. See, Jean R. Sternlight, The Supreme Court's Denial of Reasonable Attorney's Fees to Prevailing Civil Rights Plaintiffs, 17 N.Y.U.Rev.L. & Soc.Change 535, 540 (1990) (stating "many civil rights plaintiffs with colorable claims cannot find attorneys willing to represent them. The shortage of competent civil rights attorneys has reached crisis proportions, a fact which has been recognized by several state and federal courts.")[1]See also Lattimore v. Oman Constr., 868 F.2d 437, 439 (11th Cir.1989) (noting that the district court "found a `dearth' of attorneys willing to accept employment discrimination cases on a contingency basis in the Northern District of Alabama and noted as well the difficulties experienced both by the local bar association's lawyer referral service and the court itself in finding attorneys willing to accept such appointments"); Fadhl v. City & County of San Francisco, 859 F.2d 649, 651 (9th Cir.1988) (noting that, given the unappealing nature of Title VII cases for the private bar, substantial fee enhancements are necessary to persuade counsel to handle such cases); Norwood v. Charlotte Memorial Hosp. and Medical Center, 720 F. Supp. 543, 554 (W.D.N.C. 1989) (plaintiffs submitted evidence establishing the difficulty of finding counsel in employment discrimination cases); Thompson v. Kennickell, 710 F. Supp. 1, 8 (D.D.C. 1989) (granting contingency multiplier in part based on plaintiff's showing that very few attorneys are willing to handle class action employment discrimination matters, particularly against the government); McKenzie v. Kennickell, 684 F. Supp. 1097, 1103 (D.D.C. 1988) (plaintiffs submitted a substantial *44 array of evidence demonstrating the shortage of attorneys willing to handle employment discrimination cases on a contingent fee basis), aff'd, 875 F.2d 330 (D.C. Cir.1989); Hidle v. Geneva County Bd. of Educ., 681 F. Supp. 752, 758 (M.D.Ala. 1988) ("Alabama citizens who believe they are victims of discrimination would face substantial, and often insurmountable, obstacles in finding counsel absent the likelihood of fee enhancement for contingency."); Palmer v. Shultz, 679 F. Supp. 68, 75 (D.D.C. 1988) ("[I]t has become significantly more difficult to locate competent counsel willing to devote the time and resources necessary to conduct Title VII litigation.")
We recently ordered a public reprimand and restitution of the fee as a sanction against Alexander for circumstances involving neglect. Alexander v. Mississippi State Bar, 651 So.2d 541 (Miss. 1995). We noted a number of cases in which we have imposed sanctions for neglect of client matters or obligations to the court ranging from 30 to 180 day suspensions. Id. at 546. Even the 180 day suspension is significantly different from that imposed here because, under our rules a suspension of six months or more requires a petition for reinstatement. R. Discipline Miss.State Bar 12.2. The petition process has the effect of substantially extending the period of suspension.
It is of the utmost importance that the public be protected from repeated instances of neglectful conduct. As noted above, however, some of Alexander's conduct may be attributed to a heavy caseload of time consuming employment discrimination litigation. That conduct was permitted to continue unchecked for a period out of that court's recognition of and concern for an unmet need for legal services in that area. The federal court has addressed the problem by preventing Alexander from filing cases there for two years. Because this appears to be a significant part of Alexander's practice, that sanction is also substantial. In my view, a 90 day suspension imposed here for the same conduct already addressed by the federal forum in which it occurred is of sufficient duration to serve the purposes of such sanctions. Accordingly, I dissent from the imposition of a six-month suspension. Compare, Mississippi Bar v. Strauss, 601 So.2d 840 (Miss. 1992) (Ninety day suspension for a lawyer suspended totally for two years and thereafter found guilty of criminal contempt for having violated the suspension.)
McRAE, J., joins this opinion.
NOTES
[1] "In addition to the financial disincentives for litigating civil rights cases, the courts' application of Rule 11 of the Federal Rules of Civil Procedure may also deter attorneys from bringing plaintiffs' civil rights suits. One study showed that civil rights plaintiffs' attorneys were far more likely both to be targeted by defendants for Rule 11 sanctions and, ultimately, to be sanctioned, than were other attorneys. Vairo, Rule 11: A Critical Analaysis, 118 F.R.D. 189, 201 (1988)." Id. at n. 8.