725 So.2d 828 (1998)
Firnist J. ALEXANDER, Jr.
v.
THE MISSISSIPPI BAR.
No. 96-BA-00981-SCT.
Supreme Court of Mississippi.
June 18, 1998.
Rehearing Denied September 17, 1998.
James E. Winfield, for Appellant.
*829 J. David Wynne, for Appellee.
En Banc.
JAMES L. ROBERTS, Jr., Justice, for the Court:

STATEMENT OF THE CASE
¶ 1. This case comes before the Court as an appeal from a decision by the Mississippi Bar Complaint Tribunal entered on August 20, 1996. Firnist Alexander was sanctioned by the Tribunal with a two-year suspension from the practice of law. Mr. Alexander has appealed the Tribunal's decision, along with the imposition of sanctions. The Mississippi Bar has cross-appealed requesting discipline greater than a two-year suspension be assessed against Mr. Alexander.
¶ 2. The Bar filed its complaint, docketed as Cause No. 96-B-362, against Mr. Alexander on April 17, 1996. Mr. Alexander was served with process by the Hinds County Sheriff's Department on May 23, 1996. Pursuant to Rule 8.4 of the Rules of Discipline, Mr. Alexander should have filed an answer to the complaint within 20 days after being served. No answer was filed.
¶ 3. On June 18, 1996, the Bar filed its application for entry of default judgment and supporting affidavit. The Clerk of this Court filed the docket of entry of default against Mr. Alexander on June 18, 1996, pursuant to Miss. R. Civ. P. 55(a). The Bar filed its motion for entry of default judgment and supporting affidavit on June 19, 1996. By notice of hearing on motion filed July 2, 1996, the Bar's motion for a default judgment against Mr. Alexander was set for hearing on July 19, 1996.
¶ 4. A hearing was had before the Bar Complaint Tribunal on July 19, 1996. Also, on July 19, 1996, Mr. Alexander filed his motion for additional time in which to file an answer, or, in the alternative, to file an answer out of time and to set aside the entry of default and to deny the default judgment. The Tribunal heard arguments from the Bar and Mr. Alexander and considered both parties' motions. After hearing the arguments and receiving evidence, the Tribunal declined to set aside the entry of default judgment, entered a default judgment against Mr. Alexander, and imposed a two-year suspension on Mr. Alexander. The rulings and decisions by the Bar Complaint Tribunal were enumerated in its Order and Opinion and Judgment entered August 20, 1996.
¶ 5. It is from these findings and rulings Mr. Alexander has appealed to this Court. Specifically, he raises the following issues:
I. WHETHER THE COMPLAINT TRIBUNAL ERRED BY ENTERING A DEFAULT JUDGMENT AFTER RESPONDENT APPEARED AT THE HEARING BELOW.
II. WHETHER THE ALLEGATIONS IN THE FORMAL COMPLAINT SUPPORT A FINDING BY CLEAR AND CONVINCING EVIDENCE A VIOLATION OF THE RULES OF DISCIPLINE.
III. WHETHER THE DISCIPLINE IMPOSED WAS EXCESSIVE.
The Bar cross-appeals the decision of the Bar Complaint Tribunal arguing:
I. WHETHER THE CIRCUMSTANCES WARRANT AN IMPOSITION OF GREATER SANCTIONS THAN ASSESSED BY THE COMPLAINT TRIBUNAL.
¶ 6. Mr. Alexander is no stranger to this Court. Three separate opinions by this Court have been published wherein he was sanctioned for violating the Rules of Discipline. They are: (1) Alexander v. The Mississippi Bar, 651 So.2d 541 (Miss.1995); (2) The Mississippi Bar v. Alexander, 669 So.2d 40 (Miss.1996); and (3) Mississippi Bar v. Alexander, 697 So.2d 1164 (Miss.1997).
¶ 7. After a thorough review of the record before this Court, it is our opinion that Mr. Alexander's arguments on appeal are without merit. Therefore, the decision of the Bar Complaint Tribunal to enter a default judgment against Mr. Alexander should be affirmed. This Court entered an order, No. 93-BA-00295-SCT, handed down on April 9, 1998, to suspend Mr. Alexander from the practice of law in this State until such time as all orders of suspension have expired, he has taken and passed the Bar Examination, and he has completed all outstanding orders *830 of the Court. In light of that mandate (which summarizes but does not change the situation), coupled with the other cases previously handed down by this Court regarding Mr. Alexander, the arguments on the Mississippi Bar's cross-appeal are well founded. Because all other avenues against Mr. Alexander have been pursued without effect, it is the decision of this Court to disbar Firnist Alexander from the practice of law in Mississippi.

STATEMENT OF FACTS
¶ 8. The complaint against Mr. Alexander arose out of his representation of Frederick A. Anderson. Before March 1993, Mr. Anderson was employed by the Methodist Medical Center (Medical Center) in Jackson, Mississippi as an air conditioning-refrigeration controller. In March of 1993, Mr. Anderson was passed over for a job promotion with the medical center. He filed a complaint with the Equal Employment Opportunity Commission (EEOC) against the medical center alleging employment discrimination.
¶ 9. On September 28, 1993, Mr. Anderson left the employment of the medical center. In October 1993, the EEOC issued a letter to Mr. Anderson, authorizing him to file a civil action against the Medical Center. Mr. Anderson prepared and filed on November 1, 1993, a pro se complaint against the Medical Center in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, styled Frederick Anderson v. Methodist Med. Ctr., Inc., Civil Action No. 2:93-cv-319ps on the docket of that court. On December 23, 1993, the Medical Center filed its answer.
¶ 10. After the Medical Center filed its answer, Mr. Anderson sought legal representation to assist him in this litigation. In December of 1993, Mr. Anderson consulted Mr. Alexander about his case, and Mr. Alexander agreed to undertake the representation of Mr. Anderson in his suit against the Medical Center. From late December 1993 until April 6, 1994, Mr. Alexander initiated no contact between him and his client. On April 6, 1994, Mr. Anderson set a meeting with Mr. Alexander to discuss his case. Mr. Alexander advised Mr. Anderson that his case was going well, but the judge had not yet set a court date. Mr. Alexander assured Mr. Anderson that he would take appropriate action to get the case moving.
¶ 11. By letter to the EEOC dated April 6, 1994, Mr. Alexander requested a copy of the EEOC's investigative file on Mr. Anderson's charge. By order entered March 23, 1995, and received by Mr. Anderson in May of 1995 the court denied his motion to amend his complaint, which he had filed pro se on November 22, 1993. Mr. Anderson was concerned that the order was sent to him and not his attorney, Mr. Alexander. Mr. Anderson went to the clerk of the court to determine the status of his case. He was advised by the clerk that he had no attorney and was not represented by counsel in the matter.
¶ 12. From April 6, 1994, to March 23, 1995, Mr. Anderson initiated all contact with Mr. Alexander, each time being assured by Mr. Alexander that he would get the case moving. By March 23, 1995, Mr. Anderson had lost all faith in Mr. Alexander and filed on July 25, 1995, a pro se motion for extension of time to obtain counsel. Mr. Anderson terminated the services of Mr. Alexander and received a release from Mr. Alexander dated August 25, 1995.
¶ 13. A written bar complaint against Mr. Alexander by Mr. Anderson was filed on July 25, 1995. Mr. Alexander did not respond to the bar complaint, and as result, the Bar demanded a response from Mr. Alexander pursuant to Rule 8.1(b) of the Mississippi Rules of Professional Conduct by letter dated September 1, 1995. Mr. Alexander also failed to respond to this letter.
¶ 14. An investigatory hearing was scheduled for and conducted on January 10, 1996. Mr. Alexander appeared at the investigatory hearing but refused to respond to questions from the Bar's counsel. By copy of the investigatory report dated January 17, 1996, written demand was again made upon Mr. Alexander pursuant to Rule 8.1(b) of the Mississippi Rules of Professional Conduct to submit information addressing Mr. *831 Anderson's allegations. Mr. Alexander failed to respond to the investigatory report.
¶ 15. The Bar Complaint Tribunal entered a default judgment against Mr. Alexander on July 19, 1996. The Tribunal ruled that Mr. Alexander did not show good cause as to why default judgment should not be entered. The allegations in the complaint against Mr. Alexander were taken as true. The Tribunal specifically found that Mr. Alexander had violated the following Rules of Professional Conduct:
A. Rule 1.2, MRPC, which provides, in part, that a lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d), and (e), and shall consult with the client as to the means by which there are to be pursued;
B. Rule 1.3, MRPC, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client;
C. Rule 1.4, MRPC, which provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information and shall further explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation;
D. Rule 1.16, MRPC, which provides the conditions for declining or terminating representation by the attorney;
E. Rule 3.2, MRPC, which provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client;
F. Rule 8.1(b), MRPC, which provides that a lawyer in connection with a disciplinary matter shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter or knowingly fail to respond to a lawful demand from a disciplinary authority; and
G. Rules 8.4(a, c, & d), MRPC, which provide that it is professional misconduct for a lawyer to violate or attempt to violate the rules of professional conduct, to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, or to engage in conduct that is prejudicial to the administration of justice.
¶ 16. The Tribunal inserted, in the record, Mr. Alexander's prior disciplinary history. The Tribunal used the discipline previously imposed upon Mr. Alexander as an aggravating factor in determining the discipline to impose upon him in the matter presently before this Court. Mr. Alexander's prior disciplinary record is as follows:
1) on July 15, 1980, in Docket No. 79-121-2, Mr. Alexander received a Public Reprimand from the Bar's Committee on Professional Responsibility;
2) on June 22, 1981, in Docket No. 80-77-2, Mr. Alexander received a Private Reprimand from the Bar's Committee on Professional Responsibility;
3) On October 3, 1986, in Docket No. 85-232-2, Mr. Alexander received an Informal Admonition from the Bar's Committee on Professional Responsibility;
4) By Opinion and Judgment entered February 17, 1988, in Cause No. 230, Mr. Alexander received a Public Reprimand from a Complaint Tribunal of the Mississippi Supreme Court;
5) On March 23, 1988, in Docket No. 86-387-2, Mr. Alexander received an Informal Admonition from the Bar's Committee on Professional Responsibility;
6) On November 4, 1988, in Docket No. 87-295-2, Mr. Alexander received an Informal Admonition from the Bar's Committee on Professional Responsibility;
7) On November 4, 1988, in Docket No. 87-342-2, Mr. Alexander received an Informal Admonition from the Bar's Committee on Professional Responsibility;
8) On March 4, 1994, in Docket No. 93-17-1, Mr. Alexander received an Informal Admonition from the Bar's Committee on Professional Responsibility;
9) On Order entered February 23, 1995, in Cause No. 93-BA-0295-SCT, Mr. Alexander received a Public Reprimand from the Mississippi Supreme Court;

*832 10) By Order entered July 12, 1995, in Miscellaneous Case No. 95-7, Mr. Alexander was suspended from practice before the United States District Court for the Southern District of Mississippi for a period of two (2) years;
11) By Order entered February 15, 1996, in Cause No. 95-BD-0719, Mr. Alexander was suspended from the practice of law in the State of Mississippi for a period of six (6) months by the Mississippi Supreme Court;
12) By Order entered April 11, 1996, by the Mississippi Supreme Court, dismissing the appeal of Cause No. 95-B-307, Mr. Alexander received a Public Reprimand and was suspended from the practice of law in the State of Mississippi for a period of thirty (30) days; and
13) By Opinion and Judgment of May 29, 1996, in Docket No. 95-89-1, Mr. Alexander was issued a Public Reprimand from the Bar's Committee on Professional Responsibility.
¶ 17. The Tribunal then rendered its decision to suspend Mr. Alexander from the practice of law for two years. It is from this decision that Mr. Alexander and the Mississippi Bar have appealed to this Court.

DISCUSSION OF THE ISSUES

I. WHETHER THE COMPLAINT TRIBUNAL ERRED BY ENTERING A DEFAULT JUDGMENT AFTER RESPONDENT APPEARED AT THE HEARING BELOW.
¶ 18. The Rules of Discipline for the Mississippi Bar govern all bar disciplinary matters. Harrison v. Mississippi Bar, 637 So.2d 204, 215 (Miss.1994); See Miss. R. of Discipline 1. "Bar disciplinary proceedings are also, to a limited extent, within the scope of the Mississippi Rules of Civil Procedure. In `proceedings pertaining to the disciplining of attorneys,' the Rules of Civil Procedure supplement the Rules of Discipline where the Rules of Discipline are silent." Harrison, 637 So.2d at 215; See Miss. R. Civ. P. 81(a)(2); Mississippi State Bar v. Attorney L., 511 So.2d 119, 122 (Miss.1987); Vining v. Mississippi State Bar, 508 So.2d 1047, 1048 (Miss.1987). Because the Rules of Discipline are silent as to default judgments, the Mississippi Rules of Civil Procedure pertaining to default judgments apply to disciplinary hearings. Harrison, 637 So.2d at 215; Terrell v. The Mississippi Bar, 635 So.2d 1377, 1380 (Miss.1994) (citing Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1048 (Miss.1987)).
¶ 19. The entry of default judgment is specifically provided for in Rule 55(a) of the Mississippi Rules of Civil Procedure.
(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
"A default judgment is proper only where a party `has failed to plead or otherwise defend' against the complaint." Harrison, 637 So.2d at 216.
¶ 20. In the case presently before the Court, Mr. Alexander was personally served with process by the Hinds County Sheriff's Department after the Bar's complaint was filed. Subsequent to Mr. Alexander's failure to answer or respond within the time set forth in the summons, the Clerk of this Court filed the entry of default. Afterward, the Bar filed its motion seeking a default judgment against Mr. Alexander and set the motion for hearing.
¶ 21. On the morning of the hearing Mr. Alexander filed with the Clerk of this Court his motion for additional time in which to file an answer, or in the alternative for leave to file an answer out of time and to set aside entry of default and deny default judgment. Later the same morning, Mr. Alexander also filed his answer to the formal complaint with the Clerk of the Court. The Tribunal considered Mr. Alexander's motion, as well as the Bar's motion.
¶ 22. In order to set aside an entry for default judgment, the movant must make the following showing:
(c) Setting Aside Default. For good cause shown, the court may set aside an entry of default and, if a judgment *833 by default has been entered, may likewise set it aside in accordance with Rule 60(b).
Miss. R. Civ. P. 55(c).
¶ 23. The Rule specifically requires a showing of good cause by Mr. Alexander as to why a default judgment should not be entered against him. A showing of good cause was not made to the Tribunal. Mr. Alexander offered to the Tribunal the following explanation:
I believe the Tribunal is entitled to further explanation as to why the answer was not filed timely. The only thing that I can offer in the [sic] regard is that I was attempting to wind up some matters for an individual, and put my own business last. I intended to obtain an attorney to represent me in this matter, but I allowed the time to slip by and I don't want to impose a burden on other people to try to deal with this on a last minute basis as I have done too often in the past. For that reason, I am asking the Tribunal to allow me to file an answer out of time and then I will immediately attempt to obtain counsel to represent me in this matter.
¶ 24. The Tribunal denied Mr. Alexander's motion stating "[g]ood cause is required under 55(c)." The Tribunal did not deem Mr. Alexander's offered reason for his delay in filing an answer as rising to the level of good cause shown.
¶ 25. On appeal, Mr. Alexander argues that because he appeared for his hearing, a default judgment should not have been entered against him. He cites this Court's prior decisions in Harrison and Barfield v. Mississippi State Bar Ass'n, 547 So.2d 46 (Miss.1989), to support his argument. Mr. Alexander misconstrued the holdings by the Court in those decisions. In both decisions the Court noted that neither of the attorneys made an appearance. This Court has repeatedly held that a default judgment may be granted in attorney disciplinary proceedings where the complaint has been received, waivers of service of process and entry of appearance have been filed, no answer or any other responsible pleading has been filed, and motion for default judgment has been received. Vining, 508 So.2d at 1048; Barfield, 547 So.2d at 49; Terrell, 635 So.2d at 1381; Harrison, 637 So.2d at 217. But as this Court stated in Terrell, an entry of appearance is not a prerequisite to a default judgment being entered. Terrell, 635 So.2d at 1381.
¶ 26. Mr. Alexander did make an appearance at the Complaint Tribunal hearing and filed an answer to the Bar's complaint against him on the day of the hearing. However, the Rules require that an answer be filed within 20 days of the service of process. Rules of Discipline 8.4. Mr. Alexander was served with process on May 23, 1996, but did not file his answer until the day of the hearing, July 19, 1996, well after 20 days had elapsed.
¶ 27. Because a default had already been entered against Mr. Alexander, he had to make the required showing under Miss. R. Civ. P. 55(c) in order to have the default set aside. This meant he had to show good cause as to why the default should not be entered against him. As discussed earlier, the Tribunal found that his stated reasons did not rise to the level of good cause.
¶ 28. In Hall v. Mississippi Bar, 631 So.2d 120 (Miss.1993), this Court affirmed a default judgment against an attorney where the Tribunal did not find good cause to set aside the default. There the Court stated:
Rewarding attorneys who neglect matters as important as their own disciplinary hearings with another chance is harmful to the efficiency of such proceedings and further erodes public confidence in the legal profession. As this Court has stated, "Yes, a default judgment is a serious matter but so is not taking the proper steps to avoid one." Fougerousse v. Mississippi State Bar, 563 So.2d 1363 (Miss.1990).
Hall, 631 So.2d at 125.
¶ 29. The Tribunal properly granted the Bar's motion for default judgment. Mr. Alexander did not show good cause to the Tribunal as to why the default should not be entered against him. Therefore, the Tribunal was correct to grant the Bar's motion for default judgment. Mr. Alexander's arguments as to this issue are without merit.

*834 II. WHETHER THE ALLEGATIONS IN THE FORMAL COMPLAINT SUPPORT A FINDING BY CLEAR AND CONVINCING EVIDENCE A VIOLATION OF THE RULES OF DISCIPLINE.
¶ 30. In an attorney disciplinary hearing, the burden is typically on the Bar to show by clear and convincing evidence that an attorney's actions constitute professional misconduct. Alexander, 669 So.2d at 41. Mr. Alexander argues that no testimony regarding the factual allegations of the complaint was offered, and the only proof presented by the Bar consisted entirely of the complaint.
¶ 31. Because the Tribunal granted a default judgment against Mr. Alexander, the ordinary showing by the Bar need not be made. "The result under a default is that the allegations of the moving party may be accepted as true. Therefore, [all the] questions of fact were automatically resolved in the Bar's favor." Harrison, 637 So.2d at 226. The comment to Rule 55 of the Mississippi Rules of Civil Procedure provides:
Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. If he wishes an opportunity to challenge plaintiff's right to recover, his only recourse is to show good cause for setting aside the default under Rule 55(c)....
Miss. R. Civ. P. 55 cmt. As discussed above, the Tribunal found that Mr. Alexander could not show good cause as to why a default should not be entered against him.
¶ 32. When the default was entered against Mr. Alexander, all of the factual allegations contained in the Bar's complaint against him were taken as true and proven. Thus, the Bar did not have to prove the allegations in the complaint by clear and convincing evidence. There was no need for a separate showing. The factual findings made by the Tribunal were based on the allegations of the Bar's complaint, which were taken as true based on the default judgment. This assignment of error is without merit.

III. WHETHER THE DISCIPLINE IMPOSED WAS EXCESSIVE.
The Bar's cross-appeal

I. WHETHER THE CIRCUMSTANCES WARRANT AN IMPOSITION OF GREATER SANCTIONS THAN ASSESSED BY THE COMPLAINT TRIBUNAL.
¶ 33. Mr. Alexander's last issue and the Bar's issue on its cross-appeal have been consolidated as the discussion of one is dispositive of the other. Mr. Alexander argues that the two-year suspension imposed by the Bar was excessive given the circumstances surrounding the complaint. The Bar argues that the facts of the instant appeal, taken with Mr. Alexander's prior disciplinary record as aggravating factors, warrant a more severe sanction than a two-year suspension.
¶ 34. This Court views two sets of criteria when pronouncing the appropriate sanctions to be imposed for misconduct.
The first set of criteria was developed through our case law which considers:
(1) the nature of the misconduct involved;
(2) the need to deter similar misconduct;
(3) the preservation of the dignity and reputation of the profession;
(4) the protection of the public; and,
(5) the sanctions imposed in similar cases.

Attorney R., 649 So.2d at 824-25; see also Mathes v. The Mississippi Bar, 637 So.2d 840, 846-47 (Miss.1994).
The second set of criteria originates from the American Bar Association's guidelines, specifically Standard 3.0 which contemplates:
(a) the duty violated;
(b) the lawyer's mental state;
(c) the actual or potential injury resulting from the misconduct, and the existence of aggravating or mitigating factors.

*835 L.S. v. Mississippi Bar, 649 So.2d 810, 815 (Miss.1994)(quoting Mississippi Bar v. Attorney ST, 621 So.2d 229, 233 (Miss.1993)).
Alexander, 669 So.2d at 42.
¶ 35. As mentioned above, Mr. Alexander is no stranger to this Court. This Court has noted that prior sanctions against Mr. Alexander have failed to provide him with a "wake-up call." Alexander, 697 So.2d at 1169. "(This Court will not hesitate to impose substantial sanctions upon an attorney for any act which evinces a want of personal honesty and integrity or renders such attorney unworthy of public confidence.)" Id. at 1170 (quoting Foote v. Mississippi State Bar Ass'n, 517 So.2d 561, 564 (Miss.1987)). This Court has previously found
... that the conduct in which Mr. Alexander engaged despite his repeated disciplinary sanctions for similar conduct evinces a want of personal honesty and integrity and renders him unworthy of public confidence. Furthermore, his conduct evinces a flagrant lack of regard and respect for the directives both by the Bar and by this Court to cease engaging in such conduct.
....
Although reluctant to use the cliche, "one bad apple spoils the bunch," we believe that Mr. Alexander, as evidenced by his fifteen year history of unprofessional and unethical conduct, is one of the worst apples of them all. There can be little wonder why the dignity and reputation of the legal profession has come under fire in recent yearsit is because of conduct like Mr. Alexander's. We can only conclude that removing him from the practice of law is essential to preserving the dignity and reputation of the profession.
....
Fortunately, we have decided no case in which the attorney has had such an extensive record of disciplinary sanctions, save the most recent case involving Mr. Alexander himself, The Mississippi Bar v. Alexander, 669 So.2d 40 (Miss.1996).
Id.
¶ 36. This Court has held that consideration of subsequent sanctions as an aggravating factor does not violate any due process rights of Mr. Alexander. Alexander, 697 So.2d at 1169. Mr. Alexander's conduct has not subsided despite repeated sanctions by the Bar, the federal courts, and this Court. The last action by this Court regarding Mr. Alexander was entering an order, Alexander v. Mississippi Bar, No. 93-BA-00295-SCT, April 9, 1998, whereby the Court ordered Mr. Alexander to not "be readmitted to practice law before the courts of Mississippi until all orders of suspension have expired, he has taken and passed the Bar Examination and has complied with all outstanding orders of this Court." He is once again before this Court, and once again his numerous past sanctions should be weighed against him as an aggravating factor in order to determine the appropriate sanction to impose upon him.
¶ 37. This Court has stated that "the most important consideration in imposing sanctions is that the punishment be sufficient to `vindicate in the eyes of the public the overall reputation of the bar.'" Hall, 631 So.2d at 125 (quoting The Mississippi Bar v. Hall, 612 So.2d 1075, 1077 (Miss.1992)). This Court has "found disbarment proper for attorneys guilty of offenses involving acts of dishonesty, deceit or misrepresentation." Harrison, 637 So.2d at 226. The Court in Harrison found that disbarment was merited where the attorney had engaged in a pattern of dishonest conduct toward the court and toward third parties. Id.
¶ 38. Without a doubt, Mr. Alexander is habitual in his offenses. He was sanctioned by this Court in Alexander v. The Mississippi Bar, 651 So.2d 541 (Miss.1995). There the Court noted Mr. Alexander "had significant prior discipline imposed upon him. Each of these earlier disciplinary actions concerned Alexander's neglect of cases, his lack of diligence or promptness, or his failure to adequately communicate with his clients." Id. at 547. Prior actions by this Court have had little if any effect in deterring his repeated violations of the Rules of Discipline and Rules of Professional Conduct. Mr. Alexander was again before this Court in The Mississippi Bar v. Alexander, 669 So.2d 40 (Miss.1996) and Mississippi Bar v. Alexander, 697 So.2d 1164 (Miss.1997), for similar instances of misconduct.
¶ 39. The Bar and this Court have imposed almost every possible sanction upon Mr. Alexander, *836 but he has repeatedly disregarded them in a most egregious manner.
¶ 40. The Tribunal suspended Mr. Alexander from the practice of law for two years. The Bar has cross-appealed arguing that a more severe discipline should be imposed, given Mr. Alexander's prior disciplinary record. This Court agrees with the Bar and believes that Mr. Alexander's repeated offenses merit the ultimate sanction of disbarment. This is the only remedy that will vindicate the Bar in the eyes of the public and prevent Mr. Alexander from further sullying the reputation of the legal profession in Mississippi.

CONCLUSION
¶ 41. The Tribunal did not err by entering a default judgment against Mr. Alexander. The standard is not whether he made an appearance at the Complaint Tribunal hearing. The standard, according to Rule 55 of the Mississippi Rules of Civil Procedure, is whether Mr. Alexander could show good cause as to why a default should not be entered against him. Further, when a default is entered, the facts and allegations in the complaint are taken as true. Therefore, no separate showing by clear and convincing evidence need be made by the Bar in order to prove the allegations in the complaint. Mr. Alexander has shown no regard for the prior sanctions imposed upon him by the Bar and this Court. He has yet to fully comply with the existing sanctions against him. Therefore, it is ordered that Firnist J. Alexander be disbarred from the practice of law in the State of Mississippi.
¶ 42. JUDGMENT OF THE TRIBUNAL AFFIRMED EXCEPT THAT SANCTION OF TWO-YEAR SUSPENSION IS VACATED; FIRNIST J. ALEXANDER, JR., IS DISBARRED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
PRATHER, C.J., SULLIVAN and PITTMAN, P.JJ., and BANKS, McRAE, SMITH, MILLS and WALLER, JJ., concur.