797 So.2d 217 (2001)
The MISSISSIPPI BAR
v.
Johnnie E. WALLS, Jr.
No. 2000-BD-00892-SCT.
Supreme Court of Mississippi.
June 14, 2001.
*218 Michael B. Martz, for Appellant.
Lynda Carol Robinson, Jackson, for Appellee.
EN BANC.
DIAZ, Justice, for the Court:
¶ 1. This matter comes before the Court pursuant to a complaint filed by Michael B. Martz, as general counsel, on behalf of the Mississippi Bar against attorney Johnnie E. Walls, Jr. The formal complaint was filed pursuant to Rule 13 of the Rules of Discipline for the Mississippi Bar, as adopted by this Court on September 7, 1983, effective from and after January 1, 1984, and specifically amended on November 16, 1995. The Bar initiated this action against Walls based upon his conduct in handling a client's case pending before the United States Court of Appeals for the Fifth Circuit. On May 3, 2000, Chief Judge Carolyn Dineen King entered an order that suspended Walls from the practice of law before the Fifth Circuit for one year and forbade district courts within the Fifth Circuit from appointing him to cases under the Criminal Justice Act until he is reinstated to practice law before the Fifth Circuit. Chief Judge King further ordered that the matter be referred to the disciplinary committee of the Mississippi Bar.

FACTS
¶ 2. The facts leading to Walls's unfortunate predicament are relatively simple. Walls was appointed under the Criminal Justice Act to represent Derwin Renwick McWaine a/k/a "Skibow", on his appeal from the United States District Court for the Northern District of Mississippi in Greenville. The Fifth Circuit issued a show cause order on May 31, 1999, because Walls had not made arrangements for the preparation of a trial transcript. While Walls eventually accommodated the court's request for the transcript, he failed to responded to the show cause order.
¶ 3. McWaine's brief was due on November 1, 1999, but Walls neither filed the brief nor asked for an extension of time. Twenty-five days later, another show cause order was issued directing Walls to file the tardy brief and explain why he had failed to do so within the clearly defined time limits. He did not respond to the order nor did he file the overdue brief. The clerk's office for the Fifth Circuit left numerous telephone messages at Walls's law office notifying him that he had not filed the brief nor responded to the orders and urged him to contact them. Their messages went unanswered.
¶ 4. On January 25, 2000, the Fifth Circuit entered an order removing Walls as counsel of record for McWaine. The order also directed him to return the record on appeal and ordered him to show cause to prevent disciplinary action taken against him. McWaine was appointed new counsel on January 31, 2000, but his new attorney could not proceed with preparing the appeal because Walls still had not returned the record. Walls eventually returned the record to the district court which forwarded it to the Fifth Circuit, although it is unclear from the documents filed on appeal precisely when this happened. During the interim, McWaine's case languished on the docket for approximately one year without attention by defense counsel Walls.
¶ 5. Walls, responding to the show cause order filed regarding possible disciplinary action, asked for and was given additional *219 time to respond. He again failed to do so. On the basis of these facts, Walls was suspended from practice before the Fifth Circuit Court of Appeals for one year. The matter was then referred to the Mississippi Bar.
¶ 6. The Bar filed its official complaint with this Court on June 5, 2000. A summons and copy of the complaint were served on Walls in compliance with Rule 4(c)(3) of the Mississippi Rules of Civil Procedure, requesting a response within 20 days to prevent entry of default against him. On June 30, 2000, Walls filed a motion to answer out of time, requesting that this Court give him until July 12, 2000, to file his answer. The motion was granted on July 7, 2000. Walls's answer was stamped filed July 13, 2000, one day late.

STANDARD OF REVIEW
¶ 7. This Court retains exclusive jurisdiction over matters pertaining to attorney discipline and reinstatement as well as matters arising under the Rules of Discipline for the Mississippi Bar. Broome v. Mississippi Bar, 603 So.2d 349, 354 (Miss. 1992). We conduct a de novo review of the proceedings below and record in bar disciplinary matters. The Mississippi Bar v. Alexander, 669 So.2d 40, 41 (Miss.1996); Mississippi Bar v. Attorney R., 649 So.2d 820, 824 (Miss.1995).
¶ 8. Our case law has established that the following criteria be used in determining what sanctions to impose in an attorney discipline case: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating or mitigating factors. Rogers v. Mississippi Bar, 731 So.2d 1158, 1171 (Miss.1999). Worthy of most consideration when contemplating sanctions is vindicating "in the eyes of the public the overall reputation of the bar." Hall v. Mississippi Bar, 631 So.2d 120, 125 (Miss.1993) (citing Mississippi State Bar Ass'n v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss.1986)).

DISCUSSION
¶ 9. The Bar argues that under the language of Rule 13, Walls is subject to discipline by this Court by virtue of his suspension by the Fifth Circuit. Rule 13 of the Rules of Discipline of the Mississippi Bar reads in sum:
RULE 13. DISCIPLINE IN ANOTHER JURISDICTION
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
Procedure
(13.1) Upon receipt by the Executive Director of a certified copy of disciplinary sanctions imposed by the bar or a court in another jurisdiction or by a Mississippi *220 trial court or local bar association upon an attorney subject to these rules, the Executive Director shall immediately docket same as a complaint, charge or grievance and shall immediately forward the matter to Complaint Counsel. Complaint Counsel shall present the certified copies of the disciplinary action of the other court or Bar to the Court wherein the sole issue to be determined shall be the extent of final discipline to be imposed on the attorney in this state, which discipline may be less or more severe than the discipline imposed by the other jurisdiction.
The Bar followed this procedure and rests on this rule as it sole argument supporting disciplinary action against Walls.
¶ 10. Usually, the burden on the Bar is to show that an attorney's actions constitute professional misconduct by "clear and convincing evidence." Goodsell v. The Mississippi Bar, 667 So.2d 7, 9 (Miss.1996). However, in The Mississippi Bar v. Felton, an order of suspension from another court was found to be "conclusive evidence" of guilt and the sole issue to be determined before the Court was the extent of final discipline. The Mississippi Bar v. Felton, 699 So.2d 949, 951 (Miss. 1997). This Court accepted a federal district court's suspension of an attorney as "conclusive proof of his guilt of failure to follow court orders and protect his clients' interest" and held that "reciprocal sanctions are in order under Rule 13." The Mississippi Bar v. Alexander, 669 So.2d 40, 41 (Miss.1996). It is therefore unnecessary for this Court to engage in additional fact-finding.
¶ 11. The Bar admits that punishment handed down by this Court could be more or less severe than that imposed by the federal court and makes no specific recommendation other than Walls be "disciplined by this Court with all costs and expenses connected herewith taxed against him."
¶ 12. In his answer, Walls asserts two general "affirmative defenses" that explain his conduct. Walls argues that the way in which he handled the McWaine case was simply a matter of "benign neglect and in no way malicious or intentional." Walls states that the "pressures, stresses and demands placed on him" by his solo law practice, membership in the State Senate, and responsibilities as a father precluded him from being intimately familiar with each case he handled. Walls stated in his answer to the complaint that due to these pressures, "he was often unaware of what transpired in [the McWaine] matter", but he served his clientele and constituents as best as he could. In support of this argument, Walls produced computer generated copies of his work calendar for the months of November 1999 through February 2000 to verify his busy schedule. Strangely, the months submitted reveal several entire days and numerous afternoons when his schedule was free and clear of appointments or other work related encumbrances. Further, one week denominated as "vacation" is noted between Christmas Day and New Year's Day. These calendar reproductions do not reveal a schedule so busy as to cause the kind of delay noted above.
¶ 13. Additionally, Walls asks that this Court not impose discipline which would destroy him economically or "jeopardize his standing in the legislature" because his "service to the community has from the beginning of his career been impeccable." In light of his service to the community, Walls asks for every consideration possible from this Court. In support of this request, Walls attached a curriculum vitae to his answer, highlighting some of his career achievements and professional associations.
*221 ¶ 14. Walls does not cite any legal authority that supports the use of these "defenses." Given the standard set out in Alexander and followed in Felton, this Court is left to determine a punishment commensurate with Walls's inaction. To that end, we note that the purpose of discipline is not simply to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct. Mississippi State Bar Ass'n v. A Mississippi Attorney, 489 So.2d at 1084. Walls makes no attempt to refute the charges leveled against him in Chief Judge King's order. Walls simply prays that "the Court will impose the least severe discipline in light of all circumstances and parties involved."
¶ 15. This Court has held that at least three extenuating circumstances should be considered as mitigating factors in evaluating an attorney's behavior. They are matters involving his personal health, matters involving the health of a family member and a matter of personal distress. Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1049 (Miss.1987). These factors are inapplicable to Walls's situation. In regard to his plea for leniency based upon possible damage to his standing in the State Senate, we note that in a similar situation we suspended a sitting state representative from practicing law for one year. Underwood v. Mississippi Bar, 618 So.2d 64, 68 (Miss.1993).
¶ 16. "We look with great disfavor on members of our profession who ignore the well established procedures within the Bar used for handling complaints. We look with even greater displeasure at a member of our profession who neglects his professional duties to those who have sought his help." Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1049 (Miss.1987).
¶ 17. This Court applies a proportionality requirement to Bar discipline cases. Pitts v. Mississippi State Bar Ass'n, 462 So.2d 340 (Miss.1985). Suspensions from the practice of law have been reserved for instances where some form of dishonesty has significantly harmed the client, or constituted a fraud on a court, or both. Mathes v. Mississippi Bar, 637 So.2d 840 (Miss.1994); Harrison v. Mississippi Bar, 637 So.2d 204 (Miss.1994) ("continuous course of dishonesty" to court and third parties); Mississippi Bar v. Mathis, 620 So.2d 1213 (Miss.1993) (intentional misrepresentation to party and court concerning autopsy); Underwood v. Mississippi Bar, 618 So.2d 64 (Miss.1993) (intentional misrepresentations of settlements to clients). We are not presented with that set of circumstances here.
¶ 18. This Court is free to evaluate the discipline imposed on an attorney and on review modify punishment as needed to best serve the interests of the Bar and the public. Parrish v. The Mississippi Bar, 691 So.2d 904, 907 (Miss.1996); Mississippi State Bar v. Blackmon, 600 So.2d 166, 173 (Miss.1992). With regard to sanctions imposed in similar cases, the parties cite no authority to guide this Court. We find the following cases instructive.
¶ 19. In Mississippi Bar v. Logan, 726 So.2d 170, 180 (Miss.1999), we publicly reprimanded an attorney for violating the ethics rule prohibiting conduct prejudicial to the administration of justice by failing to inform the opposing party of his ex parte contact with the magistrate. In Mississippi State Bar v. Moyo, 525 So.2d 1289, 1298 (Miss.1988), this Court suggested that a public reprimand would be the appropriate sanction for a first offense of solicitation of business by an attorney. Regarding a violation akin to the one *222 Walls faces today, we have issued a public reprimand for an attorney's failure to communicate with clients and to bring matters to trial, together with an order to pay $2,000 in restitution. Alexander v. The Mississippi Bar, 651 So.2d 541 (Miss. 1995).
¶ 20. Significantly, Walls has not had prior disciplinary sanctions imposed upon him. While we believe Walls's misconduct warrants sanctions, we do not feel it warrants a suspension of his license to practice law. He neglected McWaine's case by failing to keep him properly informed, failing to timely file his brief and generally prepare his case for appeal. These are serious breaches of an attorney's solemn duty to his client and accordingly we hold that Walls is to be publicly reprimanded. Also, we believe that Walls should return any financial reward realized from participating in McWaine's defense, as he did virtually nothing to earn whatever he received.

CONCLUSION
¶ 21. Obviously, the need to deter negligent representation of clients, especially indigent criminal defendants, is a great concern of the caretakers of the legal profession. As noted in Hall, the protection of the public is the foremost concern. This punishment, while less severe than the federal courts, is in line with the precedents set by this Court. Keeping in mind that this is Walls's first offense and noting that he was severely sanctioned by the Fifth Circuit, we find Walls's guilt conclusive per Rule 13, and order that he be publicly reprimanded, pay restitution of any compensation which he received for representing Derwin Renwick McWaine in the federal court case, which is the basis of this disciplinary proceeding.
¶ 22. JOHNNIE E. WALLS, JR. SHALL (1) BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING CIRCUIT JUDGE IN THE CIRCUIT COURT OF WASHINGTON COUNTY ON THE FIRST MONDAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION IS FINAL, (2) PAY RESTITUTION OF ANY COMPENSATION WHICH HE RECEIVED FOR REPRESENTING DERWIN RENWICK McWAINE IN THE FEDERAL COURT CASE WHICH IS THE BASIS OF THIS DISCIPLINARY PROCEEDING, AND (3) PAY ALL COSTS AND EXPENSES IN THIS DISCIPLINARY PROCEEDING.
PITTMAN, C.J., SMITH, MILLS, WALLER and COBB, JJ., concur.
EASLEY, J., concurs in part and dissents in part with separate written opinion joined by BANKS and McRAE, P.JJ.
EASLEY, Justice, concurring in part and dissenting in part:
¶ 23. Attorney, Johnnie E. Walls, Jr., is before the Court on a misconduct matter arising in a Federal case before the United States Court of Appeals for the Fifth Circuit for which he had been suspended from that court for one year. The record reflects that Walls is a solo practitioner and as such was under tremendous stress, not discounting responsibilities as a State Senator and those owed to his family. Walls pled these pressures and stress asking for leniency which should be taken in account. The Fifth Circuit has already taken serious action against Walls. The suspension for one year from practicing in the Fifth Circuit is a serious punishment given the resulting loss of income. In view of this, a private reprimand as opposed to a public reprimand should be punishment enough. I concur as to the violation. However, I *223 respectfully dissent as to imposing a public reprimand on Walls.
BANKS and McRAE, P.JJ., join this opinion.