DICKINSON, Justice,
Dissenting:
¶ 28. The majority is correct in stating that: (1) this Court often defers to the findings of the Tribunal; and (2) this Court often finds public reprimand to be the appropriate sanction for offenses similar to the conduct here. However, there comes a point where persistent, serial misconduct requires punishment more severe than a reprimand. Because I believe this is such a case, I respectfully dissent.
¶ 29. To justify my opinion, I begin by quoting the majority:
Walls’s disciplinary record consists of eight informal reprimands, three private reprimands, one public reprimand, and a one-year suspension issued on May 3, 2000, by the United States Court of Appeals for the Fifth Circuit.
Maj. op. ¶ 25.
¶ 30. I could find no case where an attorney with a disciplinary history as dismal as that of Mr. Walls received less than a suspension. To do less here seems inequitable, not only in the general sense, but also to those who have been more severely punished for less. More importantly, I believe the majority’s decision today deals yet another blow to public confidence in our judicial and legal systems.[1]
¶31. In my opinion, Walls is lucky. After twelve reprimands issued by our state system, he has once again escaped suspension and disbarment. He is also lucky because, in ordering a public reprimand against him in a prior case, this Court incorrectly understood that he had “no prior disciplinary sanctions imposed upon him.” Miss. Bar v. Walls, 797 So.2d 217, 222 (Miss.2001) (“Significantly, Walls has not had prior disciplinary sanctions imposed upon him.” “Keeping in mind that this is Walls’s first offense.... ”), Contrary to this Court’s understanding, it was not Walls’s “first offense;” nor his second or third or fourth. It was his twelfth. We are now faced with his thirteenth.
¶ 32. It is my sincere hope that Walls has some appreciation of his good fortune for the leniency this Court provides him today and some desire to overcome what appears to be a habit of violating the Rules of Professional Conduct.
¶ 33. Because under the facts of this case I believe we should require some suspension, I respectfully dissent.
COBB, P.J., AND RANDOLPH, J., JOIN THIS OPINION.

. I note with interest that, in ordering a public reprimand in a prior case against Walls, this Court stated: [T]he purpose of discipline is not simply to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct.” Miss. Bar v. Walls, 797 So.2d 217, 221 (Miss. 2001) (citing Miss. State Bar Ass’n v. A Miss. Attorney, 489 So.2d 1081, 1084 (Miss.1986)).